<span>TATE<br>v.<br>THE STATE.</span>

---

## TATE *v.* THE STATE.

An indictment against the supervisor of a highway for not repairing the same, alleged the existence of the road, stated, in general terms, the liability which the law imposed on the defendant, and charged him with unlawfully and wilfully violating his duty. *Held*, that the indictment was not objectionable for not alleging that the road had been established by law, or for omitting to aver that the board of county commissioners had allotted hands to the defendant, &c. *Held*, also, that if through the default of the commissioners, &c. the defendant could not keep the road in repair,

May Term,
1839.

Tate
v.
The State.

Monday,
May 20.

he might avail himself of that matter by special plea, or by evidence under the general issue.

ERROR to the *Fayette* Circuit Court.

Dewey, J.—Prosecution against a supervisor of a road for neglect of duty. The indictment charges the existence of "a certain road and public highway" (describing it;) that a portion of the road (describing it) included in what is known by the name of road district number seven, was greatly out of repair by reason of gullies, ruts, drains, and ditches, so as to be impassable, &c.; that *Tate*, the plaintiff in error, being the acting supervisor of and for said road district, was bound to keep the roads within the same in good repair; and that well knowing that the portion of road before described was out of repair in the manner aforesaid, he unlawfully and wilfully failed, neglected, and refused to repair and put the same in a passable condition for teams, &c.

Plea, not guilty; verdict, guilty; motion in arrest of judgment overruled; and final judgment upon the verdict.

It is alleged that the Circuit Court erred in not arresting the judgment; 1. Because there is no allegation in the indictment, that the road therein named was established by law; 2. Because the indictment does not aver, that the board of county commissioners allotted hands to *Tate* as supervisor of road district number seven, and forwarded to him a certificate of his appointment setting forth the boundaries of his district, and hands; and does not aver there were persons on whom he could call to work upon the road.

Neither of these objections can prevail.

1. It is sufficient to state in an indictment for not repairing a highway, that the road in question is a highway without accounting for its origin. 3 Chitt. C. L. 570.—3 T. R. 265.—2 Saund. 158, *n.* 4.

2. In *England*, in such indictments against a parish, which is bound of common right to keep its roads in good condition, it is not necessary to show the manner of the liability. It is enough if the indictment aver the obligation to repair in general terms; and if that is denied, the facts on which the denial rests must be adduced in defence. 3 Chitt. C. L. 571 to 573. By the laws of this state a supervisor of roads is under, at least, a *prima facie* obligation to keep the high-

ways within his district in good order ; and if he wilfully fail to do so he is liable to be indicted. Rev. Code, 1831, p. 451. Laws of 1836, p. 74.

The indictment in this case shows the fact that *Tate* was supervisor, and alleges in general terms the liability which the law imposed upon him, and charges him with unlawful and wilful violation of his duty. This we think is sufficient, and that it was not necessary to allege that the board of county commissioners allotted hands, or gave him notice of his appointment, or that there were persons in his district on whom he could call to work the roads. All this must be presumed. If, however, through the default of the commissioners, or from any other cause, the supervisor could not keep the roads in good repair, he might have availed himself of that matter by special plea, or by evidence under the general issue.

The motion in arrest of judgment was correctly overruled.

*Per Curiam.*—The judgment is affirmed with costs.

*C. B. Smith*, for the plaintiff.

*W. Quarles*, for the state.

