The State *v.* Virt.

Section 121 of the general road law of 1849, which provides a remedy by
    action of debt at the suit of the supervisor for the obstructing of a pub-
    lic highway, does not take away the remedy by indictment authorized
    by s. 65, c. 53, R. S. 1843, for the same offense, but furnishes a cumula-
    tive remedy.

ERROR to the *Monroe* Circuit Court.

Perkins, J.—Indictment for a nuisance created by ob-
structing a public highway. Indictment quashed, on the
ground that a later statute than that upon which the in-
dictment is based, inflicts a penalty for the offense reco-
verable at the suit of the road-supervisor, before a justice
of the peace. The indictment is grounded on the 65th
section of the chapter on crimes and punishments. R.
S. 1843, p. 974. The subsequent act, inflicting a penalty,
was passed in 1849. Acts 1849, p. 116, s. 121.

We think this latter act furnishes a cumulative remedy,
and that either it or the former one may be pursued.

In a note to *Sturgeon* v. *The State*, 1 Blackf. 39, it is
said, " Where a statute makes unlawful that which was
lawful before, and appoints a specific remedy, that reme-
dy must be pursued and no other; but if the offense were
before punishable at common law, then the particular
remedy given by the statute is cumulative, and, in such
case, either the statutory or common-law remedy may be
pursued."

We think the general provision in our act relative to
crimes and punishments stands in the place of the com-
mon law in this particular. *Kent*, in his Commentaries,
vol. 1, p. 467, (6 ed.), says: " The proper inquiry in such
cases is, was the doing of the thing for which the penalty
is inflicted, lawful or unlawful, before the passing of the
statute? If it was no offense before, the party offending
is liable to the penalty and to nothing else."

In this case, the doing of the thing, that is, the obstruct-
ing of the highway, was unlawful before the passing of
the statute inflicting the penalty; and hence, of course,
the statute inflicting the penalty did not create the of-

May Term, 1852.

fense; but, say the books, it is where the statute "creates the offense" and points out a specific remedy, that that remedy must be pursued. This is the general rule, and we see nothing in the case before us indicating an intention on the part of the legislature to make an exception to that rule.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*W. M. Franklin, J. L. Ketcham,* and *N. B. Taylor,* for the state.