Nov. Term,
1854.

THE STATE
v.
HOGG.

---

THE STATE *v.* HOGG.

The remedies provided by s. 69, p. 445, 2 R. S. 1852, and s. 26, p. 467, 1 R. S. 1852, against supervisors, for failing to keep the highways, &c., in their districts in repair, are cumulative.

A supervisor, having moneys in his hands necessary for the repair of the highways of his district, is not authorized by s. 361, p. 468, 1 R. S. 1852, to delay all expenditures of the same until the 15th of *September* of each year.

APPEAL from the *Decatur* Court of Common Pleas.

PERKINS, J.—Prosecution, based upon section 69, 2 R. S., p. 445, against a supervisor, for failing to keep a certain highway in his road district in repair. The cause originated before a justice of the peace, and went by appeal to the Common Pleas. The latter Court quashed the affidavit and information filed therein, and discharged the defendant. The objections to them were:

1. That the 15th day of *September* had not passed when the suit was commenced.

2. That the remedy should have been sought in a suit by the county treasurer against said supervisor, under the 26th section, R. S., vol. 1, p. 467.

It seems to have been regarded as settled law in this state, that a supervisor of highways might be subjected to a criminal prosecution for a neglect of official duty. *Tate* v. *The State*, 5 Blackf. 73.— *The State* v. *Harsh*, 6 *id.* 346.— *The State* v. *Brown*, 8 *id.* 69.— *The State* v. *McMurrin*, 1 Ind. 44.

*Saturday,
December 9.*

Nov. Term, 1854.

We think, therefore, that this case falls within that of *The State* v. *Virt*, 3 Ind. 447, and that the remedies are cumulative. Indeed, in the statutes of 1843, sec. 92, p. 338, it is expressly enacted that they shall be so. This disposes of the second objection.

There is nothing in the first objection. It is true that sec. 31, p. 468, 1 R. S., requires that all moneys, &c., for the improvement of highways shall be expended by the 15th of *September* in each year; but it is, nevertheless, the duty of the supervisor to expend before that time so much of it as may be necessary to keep the roads in his district in repair.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*O. B. Hord*, for the state.

*J. S. Scobey* and *W. Cumback*, for the appellee.