THE STATE, *Appellant,* v. WALKER.

**Criminal Law**: INDICTMENT : ROAD-OVERSEER. An indictment under Revised Statutes, section 6944, against one as a road-overseer is sufficient which charges that defendant was, at the time of the commission of the offense, road-overseer of the district, and that it became and was his duty to keep a certain described public road in his district in repair, and that he did unlawfully and willfully fail and neglect to make certain specified repairs in said road, whereby he willfully failed and neglected to discharge his duty as such road-overseer.

*Appeal from Scott Circuit Court.* — HON. J. D. FOSTER, Judge.

REVERSED.

*D. H. McIntyre,* Attorney General, for the State.

The indictment was sufficient. It was not necessary to aver the appointment and qualification of defendant as road-overseer. 2 Bishop Crim. Proc., (3 Ed.) § 822; *State v. Tate,* 5 Blackf. 73; *State v. Harsh,* 6 Blackf. 346; *Dormar v. State,* 31 Ark. 49; 2 Chitty Crim. Law, top pp. 181, 254, 255; 2 Wharton Prec. Ind. and Pleas, forms 904, 905, 906. The indictment described the road and charged that it was in defendant's district. It was not necessary to give the boundaries of the district.

*Marshall Arnold* for respondent.

NORTON, J.—This case is before us on the appeal of the State from the action of the circuit court in sustaining a demurrer to an indictment which reads, after omitting the formal parts, as follows: "That James Walker was on the the 1st day of October, 1881, at the county and state aforesaid, and still is road overseer of road district number six, in Moreland township in said county, and as such had charge of and was overseer on that part of a certain public road leading from Benton to Sylvania, situate and lying in

said road district, and it then and there became and was the duty of the said James Walker to keep that part of said public road in said district in proper repair, free of obstructions or other hindrances to the convenient use of the same by the public, and that the small water-courses and wet grounds and washes and gullies in said part of said public road were not bridged or causewayed or filled up in such manner as to enable carriages and wagons to pass with safety in the proper use of said public road as a public highway. And the said James Walker being such road overseer, as aforesaid, unlawfully and willfully failed and neglected to bridge or causeway the wet grounds and to bridge the small water-courses and streams and to fill up the gullies and washes in said public road in such manner as to enable horsemen, carriages and wagons to pass with safety, whereby and by reason whereof the said James Walker did unlawfully and willfully fail and neglect to perform and discharge his duties as such road overseer as aforesaid, against the peace and dignity of the State."

I am at loss to perceive any valid grounds for the action of the trial court in sustaining the demurrer to the indictment, inasmuch as it clearly sets forth the fact that defendant was a road overseer, having charge of a certain public road, whose duty it was to keep the same in repair, and that this duty he failed to perform in not causewaying the wet grounds and bridging small water-courses and filling up gullies and washes, so as to enable horsemen and carriages to pass in safety. We are of the opinion that the indictment sets forth with sufficient certainty an offense under sections 6933, 6944, 6959 Revised Statutes. See 2 Bish. Crim. Proc. (3 Ed.) § 822; State v. Tate, 5 Blackf. 73.

Judgment reversed and cause remanded. All concur.