TINSLEY, Appellant, v. CITY OF CARUTHERS-VILLE et al., Respondents.

St. Louis Court of Appeals, December 11, 1906.

INJUNCTION: Illegal Ordinance: Adequate Remedy at Law. In an action to enjoin the impounding of plaintiff's cattle by the defendant, a city, under an ordinance alleged to be illegal, where it was not alleged that more than one of plaintiff's cattle had been impounded, nor that the impounding of others was threatened, nor that there was any continuation of illegal acts under the ordinance, a demurrer to the complaint was properly sustained; the allegations did not show that an injunction was necessary to prevent vexatious litigation or a multiplicity of suits, or to prevent the enforcement of an ordinance which the city council had no power to pass; it affirmatively appeared from the allegations that the plaintiff had an adequate remedy at law to test the validity of the ordinance by suit in replevin.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*W. W. Corbett* for appellant.

*Faris & Oliver* for respondents.

Plaintiff has an adequate remedy at law. If the ordinance under and by virtue of which his one heifer was impounded, was invalid, the question of its invalidity and legality can and should be tested by the proper action at law, replevin. Spitler v. Young, 63 Mo. 42; Shy v. Richards, 79 Mo. App. 661; Gilmore v. Harp, 92 Mo. App. 77; Jeans v. Morrison, 99 Mo. App. 208; McVey v. Barker, 92 Mo. App. 498.

BLAND, P. J.—The suit is in equity to enjoin defendants from enforcing an ordinance of the defendant city. The petition (omitting caption and signatures) is as follows:

"Plaintiff states that the defendant, the city of Caruthersville, is a municipal corporation, incorporated as a city of the fourth class, under and by virtue of the laws of the State of Missouri, with power to sue and to be sued, to plead and to be impleaded.

"That plaintiff and each of them reside in and near the south boundary line of the city of Caruthersville, and that the said plaintiff Tinsley is a taxpayer of said city. That he is owner of and handles a large quantity of stock, such as cattle, hogs, horses, mules, etc., that his said stock are accustomed to range around his residence, and at times are liable to wander into the corporate limits of the city.

"Plaintiff further states that on the sixth day of April, 1903, the board of aldermen of said city attempted to pass or enact an ordinance, which said ordinance is in words and figures as follows, to-wit:

" 'Be it ordained by the board of aldermen of the city of Caruthersville, Missouri, as follows: Section No. 1. That ordinance No. 218 as passed and approved by the Board of Aldermen on the second day of July, 1900, be and the same is hereby repealed, and a new section

to be numbered section No. 1 enacted in lieu thereof, which said section shall read as follows: Section No. 1. Any horse, mule, ass, cow, goat, hogs or goose found running at large upon any street, lane, alley, commons or other public places within the limits of this city is hereby declared to be a common nuisance.    The notices, procedure and fees hereinafter prescribed in this article in the case of horses shall also apply to the taking up of cows and hogs found astray.    Approved and signed by the Mayor and attested by the clerk.'

"Plaintiff states that the ordinance as aforesaid is illegal, invalid, unjust and oppressive, and among other reasons for this charge, is the following: First, that the ordinance is not complete within itself, that it attempts to enact by reference.    Second, that the ordinance does not provide how the animals therein mentioned are to be restrained, it does not fix and establish a place of restraint.    Third, it does not provide a mode by which the owners of said animals are to regain possession of the same, even by the payment of a fixed and definite sum. Fourth, it does not provide for a proper and legal disposition of the animals.    Fifth, the board of aldermen attempts to create a stray law, which ordinance is in conflict with the statute law of the State of Missouri. Sixth, it does not provide a remedy for first obtaining a judgment for violation of said ordinance, nor a mode by which the owners of said animals may have their day in court..    Seventh, that said ordinance declares said animals to be a common nuisance.    Eighth, it deprives the owners of said animals of their property without due process of law.

"Plaintiff charges and avers, that acting under the supposed authority given by this ordinance, the defendant corporation acting through its officers have colluded and confederated with the defendant W. A. Boatright, who has offered and still offers children or any person one-half of the fees he might demand and receive

from the owners of such animals for taking them up and redelivering them, under pretense that they were being legally impounded under said ordinance, and that by reason of said understanding the children of the town, and unscrupulous persons have, did and does even go out of the city limits and drive into the city limits such animals as are named in said pretended ordinance, when the same are turned over to the said defendant W. A. Boatright, and are confined in a barren lot where by him they are permitted to suffer for food and water without notice to their owners, either by personal service, by publication or otherwise, and are finally disposed of in a poor and emaciated condition to any one who will pay a nominal price for them, and always far below their actual value, and to the loss and damage of their owners.

"Plaintiff J. O. Tinsley states that his stock has been taken and been disposed of by the said W. A. Boatright, by and through the means aforesaid, and that the said W. A. Boatright has at this time some of plaintiff's stock where they are suffering and uncared for, to-wit: One heifer yearling marked crop off left ear, overslope off right ear.

"Plaintiff further states that the said Boatright is insolvent, that the city by ordinance has not prescribed his duties as poundkeeper, neither is he under bond for the faithful performance of his duties as such poundkeeper.

"Plaintiff further states that unless an extraordinary remedy is afforded plaintiff, his damages will be irreparable, that unless the defendants are enjoined from further committing their oppressive wrongs as aforesaid, it will entail upon plaintiff a multiplicity of law suits, and endless litigation. Plaintiff further states that he has no adequate remedy at law.

"Wherefore the premises considered, plaintiff prays

that the defendants be enjoined and restrained from further interfering in any manner with plaintiff's stock, and more especially plaintiff's cattle under and by virtue of said ordinance, and lastly plaintiff prays that said ordinance be declared null and void and held for naught. Plaintiff J. O. Tinsley prays a separate judgment for the sum of one hundred dollars for his damages sustained as aforesaid, and plaintiff prays for any and all further relief not herein specially prayed for, and plaintiff ever prays."

Defendant demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff declining to amend his petition, judgment was rendered on the demurrer, from which plaintiff appealed. Plaintiff sought to enjoin the enforcement of the ordinance on the ground that it was illegal and void, and defendants were resorting to illegal and oppressive methods to enforce it, and that he was damaged by being deprived of the possession of one heifer, impounded by defendants under the ordinance, and was at the risk of being damaged in the future by other of his cattle being impounded by said defendants under the illegal ordinance, in an illegal and oppressive manner. It is nowhere alleged in the petition that more than one of plaintiff's cattle had been impounded by the defendants, nor is it alleged that defendants are threatening to impound other of his cattle. There is no averment of a continuation of the alleged illegal acts of defendants to plaintiff's damage, or that they are threatening a continuation of them. The petition, therefore, does not bring the case within the doctrine of Coal Company v. City of St. Louis, 130 Mo. 323, 32 S. W. 649; in which it was ruled that to prevent vexatious litigation and a multiplicity of suits, the enforcement of a city ordinance will be enjoined. It is not alleged that defendant city had no power to pass the ordinance. Hence its enforcement will not be enjoined on

the ground that its passage was in excess of the power of the city council. It affirmatively appears from the allegations of the petition, that plaintiff has an adequate remedy at law to test the validity of the ordinance by a suit in replevin to recover his heifer. It is fundamental doctrine, that where the law affords an adequate remedy relief by injunction will be denied. [2 High on Injunctions (4 Ed.), sec. 1242.]

The judgment is affirmed. All concur.