## THE STATE *v.* BROWN.

An indictment against a supervisor for not keeping a road in repair, need not aver that he did not keep it in as good repair as the available labour or means enabled him to do.

Such an averment, however, is substantially contained in an indictment alleging the road to be so obstructed by trees, &c., as to be nearly impassable, &c.

May Term,
1846.

THE STATE
v.
BROWN.

Monday,
June 1.

ERROR to the *Boone* Circuit Court.

PERKINS, J.—This was a prosecution against a supervisor for neglecting to repair a highway. The indictment charges that the defendant, *Daniel Brown*, was the supervisor in a certain road district, specifying it; that while he was such supervisor, a part of a certain road and public highway lying in his district, and described in the indictment, was, from the first of *June*, 1843, to the first of *April*, 1844, by reason of trees, wood, and timber, lying along and across the same, nearly impassable for footmen, teams, &c.; and that said supervisor, well knowing the impassable condition of the said highway, wilfully and unlawfully neglected and failed to repair, &c.

The section of the statute (R. S. 1838, p. 499, sect. 55,) upon which this indictment is predicated, enacts that in all cases where the supervisor shall wilfully fail or neglect to keep the road in his district in as good repair as the available labour or other means will enable him, he shall be fined, &c.

The Circuit Court quashed the indictment, because it does not aver that the road was not kept in as good repair as the available labour or other means enabled the supervisor to keep it.

We are well aware of the rule of law requiring indictments upon statutes to show, that the defendant does not come within any proviso or exception contained within the body of the section creating the offence; but we are not convinced of its applicability to this case. We doubt whether the clause in question, claimed as a proviso, should not rather be regarded as but expressing a mere qualification of the section of the statute that the law would equally imply were it not expressed, and which need not be negatived in pleading, but may be made available by way of defence. Suppose the section of the statute in question had simply enacted, that if the supervisor neglected and failed to keep the highway in his district in good repair, he should be fined, &c., could he not have successfully defended an indictment upon the section thus framed, for failing to keep the road in repair, by showing that he had kept the road in as good repair as a faithful application of all the means the law had placed in his power would enable him to do? If so, the law is not different, in

effect, with the qualification expressed, from what it would have been, had it been left to implication; yet in the latter event, no one would have contended that the indictment should have negatived the qualification. There can be no reason assigned why it should where the qualification is expressed.

But admitting it to be a proviso, still we think the indictment good. The rules of law do not require that an express proviso or exception should be formally negatived. If substantially so, it is sufficient. *State* v. *Price*, 12 Gill & Johns. 260. We think that is done in this case.

The laws of our state, *prima facie*, furnish supervisors with the means necessary to keep the roads in, at least, a conveniently passable condition; *Tate* v. *The State*, 5 Blackf. 73; and an indictment which shows that a road was so obstructed for ten months, by trees, wood, and timber, lying along and across the same, as to be nearly impassable for footmen and teams, it seems to us, substantially negatives that it was in as good repair as the available means of the supervisor would enable him to keep it.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. A. Hammond* and *S. Major*, for the state.
*H.* and *H. Brown*, for the defendant.