CRANE *v*. THE STATE.

Indictment against *C*. for keeping a public nuisance. The offense was charged as follows: That said *C.*, late, &c., on, &c , at, &c., in and upon a public street within the limits of the town of *R.*, in said county, did then and there unlawfully, on said street, erect, continue, and maintain, on other days and times thenceforward, for the space of three months then next following, by then and there, in the public street aforesaid, in the limits of the town aforesaid, in the county aforesaid, on the days and times aforesaid, in the public view of the inhabitants of said town and other citizens of the state of *Indiana* who were wont and accustomed to pass and repass on, in, and through said street, erecting, keeping, and letting to mares a certain stallion which he, the said *C.*, did then and there unlawfully keep and let to mares, &c. *Held*, that the indictment sufficiently showed that *C.* had not provided an inclosure in which his stallion was let to mares; and, though negligently drawn, substantially described the offense.

ERROR to the *Boone* Circuit Court.

PERKINS, J.—This was an indictment against *Stephen Crane* for keeping a public nuisance, and charged the offense as follows:

"That said *Stephen Crane*, late, &c., on, &c., at, &c., in and upon a public street within the limits of the town of *Royalton*, in said county, did then and there unlawfully, on said street, erect, continue, and maintain, on other days and times thenceforward, for the space of three months then next following, by then and there, in the public street aforesaid, in the limits of the town aforesaid, in the county aforesaid, on the days and times aforesaid, in the public view of the inhabitants of said town and other citizens of the state of *Indiana*, who were wont and accustomed to pass and repass on, in, and through said street, erecting, keeping, and letting to mares a certain stallion which he, the said *Stephen Crane*, did then and there unlawfully keep and let to mares," &c.

A motion to quash this indictment was overruled; the defendant below was tried upon the plea of not guilty, convicted, and fined.

The statute on which the indictment was found, enacts: "That it shall not be lawful for any person to keep or let

Nov. Term,
1851.

to mares any stallion or jack, within the limits of any town or village in the state, or within two hundred yards thereof, unless such person shall provide an inclosure so arranged as to obstruct the view from all the inhabitants in the town and vicinity as aforesaid." A penalty of 10 dollars is annexed.

It is plain that the indictment in this case was very carelessly drawn, but we think it contains, substantially, the statutory offense.

It is particularly urged against it, that it does not allege that *Crane* had not provided an inclosure in which his stallion was let to the mares in question. The indictment charges that the letting to mares was on a public street of the town, and in view of its inhabitants. This sufficiently negatives that it was done within an inclosure which screened it from the public view. *State* v. *Brown*, 8 Blackf. 69.

*Per Curiam.*—The judgment is affirmed with costs.

*C. C. Nave*, for the plaintiff.

*D. Wallace*, for the state.