.EX PARTE F. N. ROBINSON.

*No. 3892.   Decided November 28.*

1.   **City Ordinances—Nuisances—Keeping Stallion in City Limits.**—Articles 403 and 408 of the Revised Statutes confer upon city governments authority to abate all nuisances which may affect the public health or comfort; to abate and remove nuisances and to punish the authors thereof, and declare what shall be nuisances. And by article 383, Revised Statutes, the city council is also authorized to license, tax, and *regulate* trades and callings, but it is *held* that the powers thus conferred do not authorize a city ordinance declaring the keeping of stallions within the city limits for service a nuisance or misdemeanor punishable by fine.

2.   **Same—Authority to Abate Nuisance.**—Authority to abate nuisances does not include the power to declare that to be a nuisance which in its nature, situation, or use is not such.

3.   **"Power to Regulate."**—No city ordinance can legally be made which contravenes a common right, unless the power to do so be plainly conferred by legislative grant, and in cases relating to such right, authority "to regulate" conferred upon towns of limited power has been held not necessarily to include the power to prohibit.

4.   **Nuisance — What is.** — To constitute a public nuisance there must be a substantial injury to the public at large.   The keeping of a stallion in a town or elsewhere is not *per se* a nuisance.

APPEAL from the County Court of Ellis.   Tried below before Hon. B. McDaniel, County Judge.

The opinion states all the essential facts with reference to the proceedings had on *habeas corpus* below.

*W. H. Fears,* for appellant.

*M. B. Templeton,* for the city of Ennis, filed a brief and argument on motion for rehearing, which motion was overruled.

WHITE, PRESIDING JUDGE.—The city of Ennis, in Ellis County, Texas, contains about 3500 inhabitants, and is incorporated under the general laws of the State of Texas.

On the 1st day of June, 1891, the city council of said city passed an ordinance in the following words, to-wit: "Be it ordained by the city council of the city of Ennis, that if any person shall keep any stallion, jackass, or bull within the corporate limits of the city of Ennis to serve mares, jennets, and cows, he shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than $5 nor more than $25: provided, that each day after conviction under this article shall be deemed a separate offense."

Complaint was made in the mayor's court of the city of Ennis, charging appellant with the violation of this ordinance, in that on the 26th day of June, 1891, he kept a stallion within the corporate limits of the

city of Ennis, and did then and there serve a mare with said stallion within the city of Ennis. Appellant, having been arrested by the city marshal under process issued by virtue of this complaint, applied for a writ of *habeas corpus* to the county judge of Ellis County, which writ was granted, and upon a hearing of said writ the county judge remanded him to the custody of the city authorities, from which judgment this appeal is taken.

The main object and purpose of this appeal is to determine the validity and legality of the ordinance above set out; plaintiff contending that it is illegal and void because in restraint of trade, and attempts to prohibit the carrying on of a legitimate business in said corporate limits, which business is not *per se* a nuisance. The authority in behalf of the city to pass such an ordinance is predicated upon articles 403 and 408 of the Revised Statutes. Article 403 provides, that the city council shall have authority to abate all nuisances which may injure or affect the public health or comfort in any manner they may deem expedient, and article 408 confers upon them the power to abate and remove nuisances, and to punish the authors thereof by penalties, fines, and imprisonment, and to define and declare what shall be nuisances, and authorize and direct similar abatement thereof. By article 383 the city council is also authorized to license, tax, and regulate trades, professions, occupations, and callings, the taxing of which is not prohibited by the Constitution and laws of the State. The question is, Do these statutory provisions empower the corporation to pass the ordinance in question? It is contended by appellant that the ordinance does not attempt to declare the keeping of a stallion to be a nuisance, nor attempt to define it as a nuisance, but simply prohibits the keeping thereof for breeding purposes.

We do not deem it necessary to rest the decision of the question upon such hypercritical distinctions. We will treat the ordinance, on the other hand, as tantamount to an effort upon the part of the corporation to abate the keeping of a stallion within the corporate limits as a nuisance.

It is a well established rule that municipal corporations can exercise no powers except those which are conferred upon them by the act by which they are constituted, or such as are necessary to the exercise of the corporate powers, the performance of their corporate duties, and the accomplishment of the purpose of their association. They can exercise no power which the charter does not grant in express words, or which is not necessarily or fairly implied in or essential to the powers expressly granted, or which are an essential to the declared objects and purposes of the corporation. Ex Parte Garza, 28 Texas Ct. App., 381, citing 1 Dill. Mun. Corp., sec. 89; Cool. Const. Lim., pp. 231, 235; Wood on Nuis., 2 ed., sec. 742; Miller v. Burch, 32 Texas, 208.

The keeping of a stallion for breeding purposes is not only not in contravention of the laws and purposes of this State, but is a right which every citizen of the State possesses under our laws; and while such occupation is not licensed or taxed, yet the right is so far regarded as a valuable one, that by express provision of our statute a lien is given to the owner or keeper of a stallion, jack, or bull on the progeny thereof to secure the payment of the service of such animal.   Gen. Laws 21st Leg., p. 115.

The keeping of a stallion in a town or elsewhere is not *per se* a nuisance.   In Pye v. Peterson, 45 Texas, 312, our Supreme Court held that authority to abate nuisances does not include the power to declare that to be a nuisance which in its nature, situation, or use is not such. This doctrine is fully sustained by numerous authorities cited in support of the same doctrine in 15 American and English Encyclopedia of Law, pp. 178–180.

Mr. Dillon says:   "No ordinance can legally be made which contravenes a common right, unless the power to do so be plainly conferred by legislative grant; and in cases relating to such right, authority *to regulate,* conferred upon towns of limited power, has been held not necessarily to include the power to prohibit."   1 Dill. Mun. Corp., 3 ed., sec. 325; Ex Parte Garza, 28 Texas Ct. App., 381.

Mr. Wood, in his work on Nuisances, remarks:   "It would indeed be a dangerous power to repose in municipal corporations to permit them to declare, by ordinance or otherwise, anything a nuisance which the caprices of those having control of its government might see fit to outlaw without being responsible for the consequences; and even if such power is expressly given by the Legislature, it is totally inoperative and void unless the thing is in fact a nuisance, or was created or erected after the passage of the ordinance, and in defiance of it.   The fact that the particular use of the property is declared a nuisance by an ordinance of the city does not make that use of the property a nuisance, unless it is *in fact so,* and comes within the common law or statutory idea of a nuisance."   1 Wood on Nuis., 2 ed., p. 823, sec. 744.

"A nuisance to be a public nuisance must be in a public place, or where the public frequently congregate, or where members of the public are likely to come within the range of its influence; for if the act or use of property be in a remote and unfrequented locality, it will not, unless *malum in se,* be a public nuisance.   But the mere fact that the act or the use of property is unpleasant to the public, or renders property in the vicinity less valuable, will not alone be a sufficient invasion of a public right to constitute it a public nuisance.   Provided the act or use of property be not in itself illegal, the law will not for slight cause interfere with the business or actions of any man.   To constitute a public nuisance there must be a substantial injury to the public at large."   16 Am. and Eng. Encyc. of Law, pp. 227–229.   It

is also a general rule, which needs no citation of authorities, that ordinances which needlessly restrain trade or operate oppressively upon individuals will not be sustained unless they are such as are calculated to preserve the public health.

It is shown by the evidence in the case that the keeping and breeding of this stallion was done in a manner that prevented it from being seen or heard by the people in the town—in a large, close, brick livery stable, one hundred and fifty yards from the nearest dwelling, and where people passing and repassing upon the street could not see into said stable or know what was going on when said horse was being bred to mares.

We do not wish to be misunderstood, or mean to say that the corporate authorities of the city of Ennis would not have been fully authorized to have passed an ordinance prohibiting the breeding of the stallion to mares within the limits of the town, within public view of the inhabitants of said town, who were wont to pass and repass, and accustomed to pass and repass, through said street where such thing was carried on. Crane v. The State, 3 Ind., 193. Such an act would be a nuisance *per se*, and one which the corporation would have the right both to punish and abate.

Because, in our opinion, the ordinance complained of is invalid, illegal, and unauthorized, the judgment is reversed, and the further prosecution of the defendant by virtue of the complaint filed against him in the mayor's court of said city of Ennis is hereby dismissed; appellant to pay all costs of this appeal.

*Reversed and dismissed.*

Judges all present and concurring.