SYLVESTER COAL COMPANY *et al.*, *Appellants*, v. THE CITY OF ST. LOUIS *et al.*

### Division One, November 7, 1895.

1. **Injunction**: MUNICIPAL ORDINANCE. The enforcement of a city ordinance making it a misdemeanor to buy or sell certain articles, unless in the manner therein provided, will be enjoined if such ordinance is invalid although its invalidity has not been determined in a prosecution thereunder or in an action of a legal character.

2. ————: MULTIPLICITY OF SUITS. The prevention of vexatious litigation and a multiplicity of suits constitutes a favorite ground of equity jurisdiction.

3. ————. Municipal ordinances, though penal, are not criminal statutes.

4. **Municipal Ordinance**: ST. LOUIS CITY: CHARTER. An ordinance of the city of St. Louis requiring coal dealers to furnish official certificates to consumers is valid under a charter authorizing the city to provide for weighing coal.

5. ————: ————: ————. So the charter provision authorizing the city "to regulate retailers" of coal authorizes a reasonable charge by the city for such certificates.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

*Leverett Bell* for appellants.

(1) Proceedings by a municipal corporation under an ordinance which is entirely void may be restrained. 2 High on Inj., sec. 1247; *Mayor v. Radeke*, 49 Md. 217; *Davis v. Fasig*, 128 Ind. 271; *Rushville v. Rushville*, 28 N. E. Rep. 853; *Hitchcock v. St. Louis*, 49 Mo. 484; *Dennison v. Kansas City*, 95 Mo. 416; *Schopp v. St. Louis*, 117 Mo. 131. (2) The plaintiffs are entitled to maintain this action jointly and there is no misjoinder

of parties plaintiff. *Smith v. Swomsteadt*, 16 How.
(U. S.) 288; *Newmeyer v. Railroad*, 52 Mo. 81; *Ranney
v. Vader*, 67 Mo. 476; *Overall v. Ruenzi*, 67 Mo. 203;
*Dennison v. Kansas City*, 95 Mo. 416. (3) In the
following cases in Missouri, illegal and unreasonable
ordinances have been held to be void: *St. Charles v.
Nolley*, 51 Mo. 122; *Corrigan v. Gage*, 68 Mo. 541;
*Cape Girardeau v. Riley*, 72 Mo. 220; *St. Louis v. Spiegel*,
75 Mo. 145; *Rendering Co. v. Behr*, 77 Mo. 91; *Springfield
v. Springfield*, 85 Mo. 674; *Dennison v. Kansas City*, 95
Mo. 416; *Schopp v. St. Louis*, 117 Mo. 131; *Hannibal
v. Telephone Co.*, 31 Mo. App. 23. (4) Sections 1593
and 1594 of the ordinance in question are invalid pro-
visions of ordinance and of no force or effect, because
the system established by them constitutes a tax on
sales and deliveries of coal in St. Louis for fuel and ex-
acts three cents for each load sold and delivered
which sum is paid into the treasury of the city of St.
Louis; because said system is an unlawful interference
with and burden on the sale and delivery of coal as fuel
in St. Louis; because said system is unauthorized by
the charter of St. Louis and the law of the land; be-
cause said system and said ordinance regulations are
unreasonable and oppressive; because the regulation
requiring a ticket signed by the city register and coun-
tersigned by the city comptroller in blank to be deliv-
ered to the purchaser with each load of coal adds no
security to the purchaser as to the weight of the coal
delivered, nor does it operate as or constitute any check
on the seller of the coal as to such weight.

*W. C. Marshall* for respondents.

(1) The petition does not state facts sufficient to
constitute a cause of action. *Turner v. Maryland*,
100 U. S. 38; *Ritchie v. Boynton*, 114 Mass. 431;

*Eaton v. Keegan,* 114 Mass. 443; *Durgin v. Dyer,* 68 Me. 143; *Woods v. Armstrong,* 34 Ala. 150; *Mobile v. Trulle,* 3 Ala. (U. S.) 140; *Pierce v. Kimball,* 9 Me. 54.  It has been held that a city ordinance may require hay or coal to be weighed by city weighers. *Stokes v. New York,* 14 Wend. 87; *Yates v. Milwaukee,* 12 Wis. 673; *Raleigh v. Sorrell,* 1 Jones (N. C.), Law, 49; *Paige v. Fazackerly,* 36 Barb. 392; *Mayor, etc., v. Nichols,* 4 Hill (N. Y.), 209; *Rogers v. Jones,* 1 Wend. (N. Y.) 237; *Chicago v. Quinby,* 38 Ill. 274; *Howe v. Norris,* 12 Allen (Mass.), 82; *Libby v. Downey,* 5 Allen (Mass.), 299.  (2) The plaintiffs have an adequate remedy at law.  Mere apprehension of a threatened wrong will not entitle one to an injunction. *Church v. Maschop,* 10 N. J. Eq. 57; *Jenny v. Crase,* 1 Cranch, U. S. C. C. 443; *Mariposa Co. v. Garrison,* 26 How. (N. Y.) par. 448; *Watrous v. Rogers,* 16 Tex. 410.  (3) A party seeking an injunction must show a peculiar injury, distinct from that which he suffers in common with the public. *Falls Village, etc., Co. v. Tibbetts,* 31 Conn. 165; *Hovelman v. Railroad,* 79 Mo. 632.

BRACE, P. J.—This is an appeal from a judgment of the circuit court of the city of St. Louis, sustaining a demurrer to plaintiffs' petition.  The material allegations of the petition are, that the plaintiffs, the Sylvester Coal Company, The Berry-Horn Coal Company, The St. Louis Fuel Company and the Lebanon Machine Association, are, respectively, corporations created under the laws of the state of Missouri and engaged in the business of selling and delivering coal by the wagon load, to be used as fuel in the city of St. Louis; that they are licensed merchants and have paid their tax as such; that each of the plaintiffs maintained in its business a private scale, on which all coal sold and delivered is weighed, the weigher of which has been

approved by the mayor, taken an oath before the city register, and filed bond as required as weigher at public scales; that fifty other persons or corporations are engaged in the same business in like manner; that the city has adopted and there are now ordinances in force in said city as follows:

"Section 1593. No public scales belonging to private persons or companies shall charge a greater fee for weighing than is allowed in section 1603, nor shall they charge a less fee than city scales charge, except as hereinafter provided, nor deliver tickets without payment therefor at the time of the delivery, upon penalty of loss of privilege conferred by ordinance, and the abolishing of the defaulting scales. It shall not be lawful for any person to do any weighing on any scales constructed in any public street or place, and to receive a fee for such weighing, except as follows: *First*, the public scales for which a weigher has been appointed by the mayor; *second*, on scales owned by private parties, which have been authorized by acts of the legislature, and the owners of which have complied with the provisions of the act or acts; *third*, all private scales, the weighers of which shall have been approved by the mayor, and have taken an oath before the register, and filed a bond as required as weigher at the public scales.

"Section 1594. The comptroller shall furnish the collector weighers' certificates in blank, signed by the register and countersigned by the comptroller, for the use of the weighers of all private scales who have been or may be appointed with the approval of the mayor, and who shall file a bond in the sum of $1,000, with two or more securities, to be owners of unincumbered real estate, located in the city of St. Louis, to be approved by the mayor and council. The certificates so issued and furnished private scales, authorized

by the ordinances of this city or acts of the legislature to do public weighing, shall be printed on red paper for weights of coal over twenty-five bushels and also for weights of all other articles where a fee for weighing is charged, and on green paper where no fee for weighing is charged, and on the back of every red and green ticket shall be printed the words 'the weigher of this scale has filed a bond with the register,' and the further words, 'dealers in coal are not authorized to charge a fee for weighing their loads of twenty-five bushels, or less, on their own scales, except hard or anthracite coal.' The collector shall furnish to weighers of private scales blank certificates at the rate of $10 per hundred for red certificates and $3 per hundred for green certificates, and no certificates except those furnished by the collector shall be issued by any person doing weighing at such scales. Each weigher shall furnish a separate certificate for each and every load weighed, and only on the kind of blank provided by this section; and no weigher shall sell or dispose of any blank certificate or certificates received from the collector except for loads actually weighed upon his scales. Any violation of the provisions of this section shall be deemed to be a misdemeanor, and upon conviction thereof, the offender shall be fined as provided in section 1608. The books kept by said weighers shall at all times be opened to the inspection of the collector, the inspector of weights and measures, and such officers as may be designated by the collector for that purpose."

"Section 1608. No person shall buy or sell any hay or stone coal in this city until the same has been weighed by one of the legally authorized weighers, and a certificate of the weight thereof given, as required in the provisions of this article; and any person violating this section shall be deemed guilty of a misdemeanor,

and upon conviction thereof be fined not less than $10 for each offense."

That said sections 1594 and 1608, aforesaid, are invalid and of no force or effect, because the system established by them constitutes a tax on sales and deliveries of coal in St. Louis for fuel, and exacts three cents for each load so sold and delivered, which sum is paid into the treasury of the city of St. Louis; because said system is an unlawful interference with and burden on the sale and delivery of coal as fuel in St. Louis; because said system is unauthorized by the charter of St. Louis and the law of the land; because said system and said ordinance regulations are unreasonable and oppressive; because said regulation requiring a green ticket to be delivered with each load of coal adds no security to the purchaser as to the weight of the coal delivered, nor does it operate or constitute any check on the seller of the coal as to such weight; that the expense to each of these plaintiffs for green tickets so to be used by it respectively and purchased of the city of St. Louis, exceeds $150 annually; that the said defendants the city of St. Louis and the mayor thereof, notwithstanding the manifest illegality of said ordinance have thereafterwards published and declared that they will enforce the observance of the provisions thereof. Wherefore they pray that they and their servants be restrained from so doing.

1. The demurrer is general, and the only question to be considered is whether the facts stated are sufficient to entitle the plaintiffs to the relief sought. It is contended that, though it be conceded that the ordinances are invalid, the plaintiffs are not entitled to injunctive relief on the facts stated, for the reason that they have an adequate remedy at law.

But is the remedy at law adequate ? It must be remembered that the injury complained of here is con-

tinuous. The ordinances are continuous, and plaintiffs' business is continuous, and, under the ordinances, for each wagon load of coal sold and delivered in violation of the restrictive provisions thereof the plaintiffs each become subject to an action in the municipal courts of the city for such violation. The fact that in each of such suits the plaintiffs might plead successfully the invalidity of the ordinances as a defense thereto, does not give them an adequate remedy. They are entitled to be protected from the expense, vexation and annoyance of such a multiplicity of suits in consequence of their continuance of a legitimate business except upon compliance, with the condition of ordinances which it is alleged are and may be utterly void. *Mayor, etc., v. Radecke*, 49 Md. 217; *Davis v. Fasig*, 128 Ind. 271; *Rushville v. Rushville Natural Gas Co.*, 132 Ind. 575; *Third Ave. R. R. Co. v. Mayor, etc.*, 54 N. Y. 159.

"The prevention of vexatious litigation and of a multiplicity of suits constitutes a favorite ground for the exercise of the jurisdiction of equity by way of injunction." High, Injunctions [3 Ed.], p. 12. This has been frequently recognized as a ground for the exercise of such jurisdiction in this state. *Swope v. Weller*, 119 Mo. 556; *Michael v. St. Louis*, 112 Mo. 610; *Carroll v. Campbell*, 108 Mo. 558. And is an independent ground of equity jurisdiction upon which such courts may interfere to prevent municipal authorities from transcending their powers. 2 Dillon, Mun. Corp. [4 Ed.], secs. 906 and 908; and cases cited above.

While under the former system of jurisprudence, in which relief in equity was administered by a different tribunal and by a different procedure from those that gave relief at law, courts of equity have sometimes refused to interfere before the right was established at

law (*West v. Mayor, etc.*, 10 Paige, 539), there seems no good reason, under the present system in code states where both are blended, why such relief should not be granted in the first instance by injunction; and so it was ruled in the analogous cases of *Mayor, etc., v. Radecke*; *Davis v. Fasig*, and the *Rushville v. Rushville Nat. Gas Co.*, above cited, which are on all fours with the case in hand. And so it would seem it must be ruled here, where we have in addition a special and liberal statutory provision in regard to injunction. R. S. 1889, sec. 5510.

The doctrine that criminal statutes can not be tested or their enforcement restrained in the civil courts has no application to the case. Municipal ordinances, though penal, are not criminal statutes. *City of Kansas v. Clark*, 68 Mo. 588; *Ex Parte Hollwedell*, 74 Mo. 395; *St. Louis v. Marchell*, 99 Mo. 475. They are *quasi* criminal in form, but not so regarded in procedure.

We think the petition presents a case in which the validity of the ordinances may be inquired into by a court of equity, and if found to be invalid, the relief prayed for may be granted.

2. By the charter of the city of St. Louis, the mayor and assembly have power by ordinance "to license, tax, and regulate retailers," "to regulate and establish the standard of weights and measures to be used in the city of St. Louis, and to provide for the inspection of the same," "and for the inspection and weighing or measuring hay or stone-coal, charcoal, firewood, and all other kinds of fuel to be used in the city of St. Louis." Scheme & Charter, art. 3, sec. 26, pp. 2097 and 2098, 2 R. S. 1889.

The plaintiffs as retailers of coal by the wagon load in said city are amenable to all ordinances of the city within the scope of the powers thus granted. The

purpose of the ordinances is plain. It is to protect the citizen from being imposed, upon by false weights and measures. To accomplished this purpose, while dealers in coal may weigh the coal which they sell on their own scales, they are not permitted to sell a wagon load of coal that has not been weighed by a weigher approved by the mayor and authorized by law to weigh the same. That it may be weighed by such a weigher and no other, and the citizen have the assurance of the fact, weighers' certificates of that fact are "furnished" to such dealers for such weighers, and such weighers are required to "furnish" one of such certificates for each load weighed by him. Surely nothing can be found in the purpose of this municipal law, nor in the means by which it is sought to be accomplished, that is without the express power granted by the charter to the city to regulate the weighing of coal in the city, and the fact that a few cents are charged by the city for furnishing each of the certificates surely can not be beyond the power expressly given to tax and regulate "retailers" of that commodity. Whether the mayor and assembly have selected the best *means*, by these ordinances, to accomplish the purpose, is a matter with which we have nothing to do. The power exercised being within powers granted by the charter, the plaintiffs have no cause of action. The demurrer was properly sustained, and the judgment is affirmed. All concur; BARCLAY, J., in the result and in the second paragraph.