CITY OF GALVESTON V. SIMON P. MISTROT.

Decided June 21, 1907.

**1.—Criminal Prosecutions—Prevention by Injunction.**

A writ of injunction should not be granted upon a petition which alleges, in substance, that petitioner has been prosecuted and convicted for an offense of which he is not guilty, and that without the interposition of a court of equity by its writ of injunction he will be continually arrested and prosecuted and convicted for violation of an ordinance which he has not violated and which he does not propose to violate.

**2.—Same.**

Where no property rights are involved a court of equity will not interfere with the tribunals charged with the administration of the criminal laws, even to prevent a multiplicity of prosecutions.

Appeal from the District Court of Galveston County. Tried below before the Hon. Lewis Fisher.

*M. E. Kleberg*, for appellant.—It is a general rule of law that a court of equity will not restrain the enforcement of a criminal law, even if such criminal law be void, for the reason that the party aggrieved has an ample remedy at law and may have such criminal law declared invalid by the courts of criminal jurisdiction of the country. The only deviation from this rule occurs when it is sought to enforce a void criminal law and that such enforcement will result in the destruction of valuable property rights. The mere fact that the defendant in such a prosecution will be put to expense and inconvenience will not authorize the interference of a court of equity. Greiner-Kelley Drug Co. v. Truett, 97 Texas, 377, and cases there cited; Wade v. Nunnelly, 19 Texas Civ. App., 256; City of Austin v. Austin City Cemetery Association, 87 Texas, 330.

*James B.* and *Charles J. Stubbs*, for appellee.—When an ordinance, or its penal provision, is void, and property rights would be injuriously affected by its enforcement, equity will enjoin, although a legal remedy may exist. City of Austin v. Austin City Cemetery Association, 87 Texas, 330; Greiner-Kelley Drug Co. v. Truett, 97 Texas, 377, and cases there cited; Port of Mobile v. Louisville & N. R. Co., 84 Ala., 115, 8 So. Rep., 106; City Council of Montgomery v. Louisville & N. Ry., 84 Ala., 127, 4 So. Rep., 626; Sylvester Coal Co. v. City of St. Louis, 130 Mo., 323, 32 S. W. Rep., 649, 16 Am. & Eng. Enc. of Law, 372.

REESE, ASSOCIATE JUSTICE.—Appellee brings this suit to enjoin the city of Galveston and certain of its officers from prosecuting appellee for alleged violations of a certain penal ordinance of the city with regard to the obstruction of the sidewalks. Upon trial the plaintiff had judgment enjoining such prosecutions as long as the ordinance should remain in force, saving to the city the right to amend or repeal the same. From the judgment the defendant appeals.

The ordinance in question is article 512 of the code of ordinances of the city and so much of the same as is material to the decision of this appeal is as follows:

"Art. 512. The sidewalks of the city of Galveston shall be sixteen feet wide, and it shall be unlawful to obstruct same in any manner whatever by goods, wares or merchandise of any kind, and merchants, shopkeepers and other persons are required to move the goods, wares and all other objects which might obstruct or encumber the sidewalks, into their houses, yards, or other places under a penalty of not exceeding twenty-five dollars to every day such obstruction or encumbrance shall exist; provided any merchant, shopkeeper or other person occupying and doing business in any house in this city shall be allowed four feet of inner side of the sidewalk fronting such house for the shelter and display, but not for the sale, of such goods, wares and merchandise as are sold and dealt in by such person within h house. . . . Any person who shall violate any provisions of this article shall be fined not exceeding twenty-five dollars for such offense, and each day such violation shall continue shall constitute a separate offense."

The petition alleges that appellee has been prosecuted and convicted in three separate cases for alleged violation of this ordinance, and that he is threatened by the officers of the city with further arrests and prosecutions for each day that he continues to obstruct the sidewalks in the manner charged.

It is further alleged that appellee and his firm under the terms of the ordinance are allowed four feet of the inner side of the sidewalk fronting said building, for the shelter and display, but not for the sale of such goods, wares and merchandise as are sold and dealt in by him and them within said building; that a part of such goods, wares and merchandise consists of packing cases or boxes which are purchased by plaintiff and his firm from retail dealers and are sold and dealt in by him and them within said house or building, and are also used as the receptacles of goods which are shipped and are necessary to said business; that under the above authority, he and his firm place, shelter and store said cases or boxes on the inner side of the sidewalk fronting said house and within the four feet next to said building allowed for the shelter and display of said merchandise, but not for the sale thereof, and no sales are made upon or from said sidewalk.

It is alleged that he is threatened with continuous prosecutions because of his use of said four feet of the inner side of the sidewalk for the shelter of said merchandise and that the ordinance is invalid on several grounds set out in the petition.

It is to be gathered from the judgment that the trial court did not hold the ordinance invalid, but did hold that the acts charged by appellants to be violations thereof were not, in fact, violations of the ordinance, but that the use made by appellee of the sidewalk was such use as was authorized by the terms of the ordinance.

The case made by appellee by his pleadings and evidence is that he has been prosecuted and convicted for an offense of which he is not guilty, and that without the interposition of a court of equity, by its writ of injunction, he will be continually arrested and prosecuted and convicted for violation of an ordinance which he has not violated and which he does not propose to violate. In this view as presented by the petition it is immaterial that the ordinance is void.

We know of no case, and have been referred to none, in which a court of equity has interfered by injunction upon the grounds upon which its aid is invoked in this case. That a court of equity should find that upon the facts stated, in a petition for injunction, the plaintiff is not guilty of violation of a penal ordinance of a city, for the violation of which he has been arrested, tried and convicted, and is threatened with repetitions of the same, affords no ground for such injunction and the substitution by the court of its own judgment upon the effect of the evidence as establishing the guilt of the party charged, for that of the ordinary tribunals charged with the administration of the criminal laws in the ordinary way. This is especially true in this State where the ultimate decision of questions of civil and criminal law and procedure is vested in different tribunals.

This is not affected by the fact that there will be, unless the writ

of injunction is granted, a multiplicity of suits or prosecutions. No property right of appellee is invaded by the ordinance in question. The only property right he claims is one which is granted to him in express terms of the ordinance and which he holds by no other tenure, and which is in violation of the terms of the very criminal statute of the State, the existence of which he invokes as a ground for holding the ordinance void.

It is stated by Mr. Pomeroy that, "The principle is generally, but not universally, accepted, that the enforcement of a void municipal ordinance may be enjoined, where an injunction is necessary for the purpose of avoiding a multiplicity of suits, or of preventing irreparable injury to private rights. Multiplicity of suits may be a ground for the injunction either when a large group of persons are threatened with prosecution for violation of the invalid ordinance, or numerous prosecutions are begun or threatened against a single person. Some cases, however, deny the right to equitable interference, on the ground that the complainant's defense to the prosecution affords him an adequate remedy at law. Relief has been more frequently denied against the enforcement of penal ordinances on the ground that the proceedings for their enforcement were of a criminal or *quasi* criminal nature, and that equity declines to interfere with the administration of the criminal laws. It is believed, however, that in applying this rule the courts have sometimes lost sight of its qualification, which is as well settled as the rule itself, that a court of equity may in a proper case interfere by injunction to restrain any act or proceeding, whether connected with crime or not, which tends to the destruction or impairment of property or property rights." (5 Pom. Eq. Rem., sec. 354.)

No property rights of appellee are involved in the present case. He has no right to the use of the sidewalk except such as is given to him by the ordinance, and even if the doctrine be approved that, without such ground, the writ of injunction may be resorted to prevent a multiplicity of suits or prosecutions for violations of a void penal ordinance, such case is not presented here. The appellee seeks equitable relief really because he has been and will continue to be prosecuted and convicted upon evidence which does not establish his guilt. (Greiner-Kelley Drug Co. v. Truett, 97 Texas, 380.)

It is, moreover, doubtful if the doctrine has any sanction in this State, that equity will interfere by injunction to restrain the enforcement of a void penal ordinance of a city on the sole ground that it is necessary to prevent a multiplicity of suits, where no property rights are involved or interfered with by the ordinance, and no special grounds other than the mere fact that a multiplicity of suits is threatened. (Wade v. Nunnelly, 19 Texas Civ. App., 256.)

In the case of Harding v. Commissioners, 3 Texas Ct. Rep., 162, it is intimated that equity might properly interfere in such cases if it is made to appear that the person seeking the relief would be harrassed with numerous prosecutions and would be unable "to give bond and continue his business pending such prosecutions."

In 22 Cyclopedia of Law and Procedure (p. 891), the doctrine is stated that the enforcement of a void ordinance will be enjoined by

a court of equity, "where the illegal action will give rise to a mul-
tiplicity of actions at law if it is not prevented."

Such of the cases cited in support of the doctrine as we have been
able to examine seem to involve directly property rights, and the
decisions might safely rest upon the generally accepted doctrine that
equity may interfere on that ground, or other special grounds ex-
isting in addition to the ground of preventing a multiplicity of suits.
(Schlitz Brewing Co. v. Superior, 93 N. W. Rep., 1120; Cleveland
v. Cleveland City R. R. Co., 194 U. S., 517; Detroit v. Detroit Cit.
St. Ry. Co., 184 U. S., 368; Los Angeles City Water Co. v. Los An-
geles, 88 Fed. 720; Hutchinson v. Beckham, 118 Fed. 399.)

It seems to us that appellee has a plain and adequate remedy at
law by the ordinary process of appeal through the ordinary channels.
If the courts having jurisdiction of such cases upon appeal shall hold
that the acts charged against him do not amount to a violation of
the ordinance in question, or that the same is void, there can be no
question that the prosecution will cease. While the remedy of injunc-
tion sought in this case may be, and perhaps is, more convenient to
him, it can not for that reason be said that the other is not "plain
and adequate, or in other words, as practical and efficient to the
ends of justice and its prompt administration as the remedy in equity."
(Sumner v. Crawford, 91 Texas, 132.)

It is unnecessary, in the view we take of it, for us to decide whether
the ordinance in question is or is not void. That question we therefore
leave to the appropriate tribunals.

The trial court erred in granting and perpetuating the injunc-
tion. The judgment is reversed and the cause remanded.

*Reversed and remanded.*