HAND *v.* HAUGHLAND.

Opinion delivered July 6, 1908.

1. APPEAL—SUPERSEDEAS BOND—EXCEPTION IN FAVOR OF ADMINISTRATORS.
   —Kirby's Digest, § 1349, providing that "administrators, executors and guardians shall not be required to give bond, but all orders against them as such shall be superseded," exempts administrators, executors and guardians from the requirement of giving supersedeas bonds only on appeal from "orders against them as such," and does not apply to a judgment against a guardian in favor of his ward adjudging an amount to be due and directing payment thereof, which is a judgment against the guardian individually. (Page 107.)

2. EVIDENCE—PAROL PROOF OF RECORD.—Parol evidence is inadmissible to prove the proceedings of a court of record. (Page 108.)

3. PROBATE COURT—ENFORCEMENT OF ORDERS BY CONTEMPT PROCEEDING.—
   The probate court has power to order the payment or distribution of funds in the hands of an administrator, executor or guardian, and to enforce its orders by imprisonment for contempt where the money is shown to be in the hands of such functionary. (Page 108.)

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*McMillan & McMillan,* for appellant.

1. No judgment should have been·rendered by the circuit court on the bond because it was void. It was void because the guardian had a right to appeal without supersedeas, which was denied him, and the bond was obtained by duress. Kirby's Digest, §§ 1347-8-9, Const. art. 7, § 35.

2. The. minor was not of age until eighteen. Kirby's Digest, § 3756; 79 Ark. 199.

3. An exaction of a more onerous condition than the law requires renders a bond void. 142 Pa. St. 373. See, also, 7 Allen (Mass.) 198; 7 Pick. (Mass.) 232; 36 Me. 431; 15 Abb. Pr. (N. Y.) 367; 52 Tex. 74; 5 Peters, 248; 10 La. Ann. 124; 14 Am. Dec. 105-6.

*Jos. E. Callaway,* for appellee.

1. On marriage of ward the powers of a guardian cease. 38 Ark. 494. By marriage the ward emancipated herself and was entitled to a settlement. 45 Am. Rep. 418; 21 Cyc. p. 51, note 48; Kirby's Digest, § 3834.

2. Hand was arrested for contempt—there was no duress. Courts have power to enforce their orders. 80 Ark. 579.

McCULLOCH, J. This is an appeal from a summary judgment rendered by the circuit court of·Clark County in favor of Florence Hand Haughland against A. W. Hand, her guardian, and J. J. Pannell, the surety on his supersedeas bond.

The probate court, in adjusting. the settlement account of said guardian, adjudged him to be due his ward the sum of $177.25, and ordered him to pay said sum over to her. He took an appeal to the circuit court, and executed a supersedeas bond conditioned that he would "pay all costs of said appeal, and such damages as may be adjudged against him on said appeal, and perform the judgment of the circuit court, or abide or perform the judgment of said probate court, if the same is affirmed or the appeal dismissed."

On trial of the cause in the circuit court the judgment of the probate court was affirmed with costs. No appeal has been prosecuted upon that decision. On a subsequent day of the

same term of the circuit court the judgment on the bond appealed from was rendered.

In response to appellee's motion for judgment on the bond, appellants set forth the following defenses:

"First. That the statutes of Arkansas expressly provide that guardians have the right of appeal from all orders of the probate court, and cannot be required to execute a supersedeas bond.

"Second. Respondent had the right of appeal without the orders of said probate court being superseded.

"Third. That said bond was obtained by means of duress, and is therefore void."

We shall discuss and dispose of the alleged defenses in the order thus presented by appellants.

As the judgment of the circuit court affirming the judgment of the probate court has not been appealed from, it cannot be questioned collaterally, and it need not, therefore, be further mentioned.

The statute of this State regulating the giving of supersedeas bonds on appeals from probate courts is as follows:

"Administrators, executors and guardians shall not be required to give bond, but all orders against them as such shall be superseded by the appeal. In all other cases where the appellant desires a supersedeas, he shall give bond in a sufficient sum, to be settled by the court, conditioned that he shall pay all costs of the appeal and such damage as may be adjudged against him in the appeal, and will perform the judgment of the circuit court, or abide and perform the judgment of the probate court, if the same is affirmed or the appeal is dismissed, and judgment may be rendered on said bond in the circuit court." Section 1349, Kirby's Digest.

Appellants contend that this statute exempted the guardian from giving bond.

It will be observed that the statute only exempts administrators, executors and guardians from requirement to give bond on appeals from "orders against them as such."

A judgment against a guardian in favor of his ward adjudging an amount to be due and directing payment thereof is not a judgment against him as guardian, but it is against him

individually. The liability grows out of his office, but the judgment is an adjudication of individual liability. It is a judgment against him for the amount of his ascertained liability. We hold, therefore, that the appeal taken by the guardian from the judgment of the probate court did not operate as a supersedeas of the judgment.

He could, of course, have appealed without supersedeas, but the appeal would not stay the enforcement of the judgment. Therefore it is no defense to liability on the bond to urge that he could have appealed without executing the bond. He gave the bond to prevent enforcement of the judgment while the appeal was pending.

On hearing of appellee's motion for judgment on the bond, appellants proved by oral testimony that, after the guardian had failed to pay over the money to his ward pursuant to the order of the probate court, the court directed the sheriff to take him into custody for contempt of court in failure to comply with the order, and that he was held in custody until he executed the supersedeas bond. These are the facts upon which appellants base their defense of duress. It was not proper to establish proceedings of the probate court in this way.

But, conceding them to be properly established, they afford no defense against liability on the bond. The probate court has power to order the payment or distribution of funds in the hands of an administrator, executor or guardian, and to enforce its orders by imprisonment for contempt where the money is shown to be in the hands of such functionary. *Meeks* v. *State,* 80 Ark. 579. Of course, the administrator, executor or guardian can purge himself of contempt by showing that the funds were not in his hands at the time, or by taking an appeal and giving bond to supersede the judgment.

We see no grounds for awarding liability on the bond, and the judgment is therefore affirmed.