## DIBRELL v. CITY OF COLEMAN et al.
### (No. 5414.)

(Court of Civil Appeals of Texas. Austin.
Nov. 18, 1914. Rehearing Denied
Jan. 6, 1915.)

**1. PLEADING (§ 214*)—DEMURRER—EFFECT.**
A demurrer admits the allegations of the
petition.
[Ed. Note.—For other cases, see Pleading,
Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

**2. MUNICIPAL CORPORATIONS (§ 57*)—POW-
ERS OF.**
A municipality has no power except that
granted, expressly or by reasonable implication
in its charter.
[Ed. Note.—For other cases, see Municipal
Corporations, Cent. Dig. §§ 144, 148; Dec. Dig.
§ 57.*]

**3. CONSTITUTIONAL LAW (§ 254*)—DUE PRO-
CESS OF LAW—NUISANCE.**
Though Rev. St. 1911, art. 844, authorizes
municipalities to define and declare what shall
be a nuisance, a municipality cannot, in view of
Const. art. 1, § 19, prohibiting the deprivation
of property without due process of law, make
that a nuisance which is not one of itself.
[Ed. Note.—For other cases, see Constitutional
Law, Cent. Dig. § 735; Dec. Dig. § 254.*]

**4. NUISANCE (§ 3*) — WHAT CONSTITUTES —
"NUISANCE PER SE."**
To keep a single hog in a sparsely settled
portion of a town far removed from other dwell-
ings is not a "nuisance per se."
[Ed. Note.—For other cases, see Nuisance,
Cent. Dig. §§ 4, 5, 9–25; Dec. Dig. § 3.*
For other definitions, see Words and Phrases,
First and Second Series, Nuisance Per Se.]

**5. INJUNCTION (§ 105*)—SCOPE OF REMEDY.**
Ordinarily, an injunction will not be grant-
ed to stay criminal proceedings.
[Ed. Note.—For other cases, see Injunction,
Cent. Dig. §§ 178, 179; Dec. Dig. § 105.*]

**6. INJUNCTION (§ 105*)—GROUNDS—CRIMINAL
PROSECUTION.**
To entitle one to an injunction to stay
criminal prosecution he must show not only that
the law is invalid, but that its enforcement will
interfere with his property rights.
[Ed. Note.—For other cases, see Injunction,
Cent. Dig. §§ 178, 179; Dec. Dig. § 105.*]

**7. ANIMALS (§ 2*)—"PROPERTY."**
A hog is "property," and the owner has all
property rights to protect his ownership.
[Ed. Note.—For other cases, see Animals,
Cent. Dig. §§ 1–4; Dec. Dig. § 2.*
For other definitions, see Words and Phrases,
First and Second Series, Property.]

**8. INJUNCTION (§ 105*)—RIGHT TO INJUNC-
TION.**
A municipality which included considerable
agricultural land passed an ordinance prohibit-
ing the keeping of hogs within its boundaries and
making the keeper liable to a penalty of from $5
to $10 for every day he might keep the ani-
mal. Though the ordinance was unreasonable
and void as to the keepers of hogs in outlying
districts, the authorities attempted to enforce
it by criminal prosecutions. Held that, as the
ordinance tended to deprive the owners of hogs
of their property by interfering with the benefi-
cial use of the animals, and as the criminal
prosecutions might be continuous, the enforce-
ment of the ordinance, in view of Rev. St. 1911,

art. 4643, which has broadened the remedy of
injunction, will be enjoined.
[Ed. Note.—For other cases, see Injunction,
Cent. Dig. §§ 178, 179; Dec. Dig. § 105.*]

Appeal from District Court, Coleman Coun-
ty; John W. Goodwin, Judge.

Action by J. B. Dibrell, Jr., against the
City of Coleman and others. From a judg-
ment dissolving a temporary injunction,
plaintiff appeals. Reversed and remanded.

J. K. Baker and Snodgrass, Dibrell & Snod-
grass, all of Coleman, for appellant. Critz &
Woodward and Garland Woodward, all of
Coleman, for appellees.

JENKINS, J. [1] This is an appeal from
a judgment of the district court of Coleman
county dissolving a temporary injunction
against the officers of Coleman City, thereto-
fore granted, restraining them from prosecut-
ing appellant for keeping hogs within the
corporate limits of said city. As the case
was decided on general demurrer, the allega-
tions of appellant's petition, for the purpose
of this appeal, must be taken as true.

These allegations, in addition to those of
the official character of the defendants, are,
in substance: That the city of Coleman is
incorporated under the general laws of this
state. That the corporate limits of said
city include a superficial area of more than
two square miles, from 50 to 75 per cent. of
which is pastural land, used only for agricul-
tural and pastural purposes, much of which,
by reason of being subject to overflow, is unfit
for any other purpose. The petition particu-
larly describes numerous tracts, ranging from
5 to 70 acres, alleged to be inclosed under
separate fences, and used only for agricul-
tural and pastural purposes, some of which
are alleged to be occupied as places of resi-
dence by the owners, and others are alleged
to be unoccupied by any residence. The
tracts thus particularly described, exclusive
of the tract occupied by appellant, aggregate
419 acres. That about 50 per cent. of the in-
habited portion of said city is sparsely in-
habited. That there is no sewer system in
said city, except in the business and thickly
settled portions thereof, and that said system
does not extend to that portion of the city
where appellant's premises are situated.
That said premises are situated on the south-
ern boundary of said city in a sparsely set-
tled portion thereof. That said premises
consist of 27 acres of land inclosed with a
hog-proof fence, 20 acres of which are under
a separate inclosure; and that there are no
residences thereon, except the one occupied
by appellant, and one occupied by a tenant,
about 500 yards northwest. That there are
no residences in said city south of appellant's
premises and none west. That the nearest
residence in a northerly direction is 200
yards distant, and the nearest in an easterly
direction is distant a quarter of a mile.
That there are from 50 to 75 acres of unoc-

cupied pasture land lying east of appellant's premises. Appellant alleges that he is the owner of 1½ acres of land in another portion of said city, 500 yards distant from any residence, and adapted to raising hogs thereon.

The petition sets out the ordinance complained of, which makes it unlawful for any person "to keep or detain or to permit to be kept or detained any hog in any inclosure upon any premises occupied or controlled by such person within the corporate limits of the city of Coleman," declaring such act to be "a public nuisance, and injurious to the public health and comfort." That each day any hog shall be so kept or detained shall constitute a separate offense, and affixing a penalty of not less than $5 nor more than $10. It is further alleged that since about November 1, 1913, appellant has kept on said premises only one brood sow, and from about February 10, 1914, to March 20th her eight pigs. That appellant keeps on said premises a number of milch cows and sells separated cream and feeds the skimmed milk to said sow and to her pigs while he keeps them. That he is thus enabled to utilize his skimmed milk, which would otherwise be wasted, and to maintain said brood sow and her pigs with practically no expense to himself. That he is able to sell his pigs at one month old at from $3 to $4 each, and that his profit from keeping said sow and selling her progeny is $50 per annum. That he owns no land outside of said city, and that if said ordinance is enforced it will destroy his business of raising pigs, and destroy the value of his skimmed milk, which, on account of there being no sewerage on or near said premises, he would be compelled to throw upon the ground, and thereby create a breeding place for flies, which would carry disease germs and endanger the health of himself and family, and other inhabitants of Coleman City. That his pen in which said sow is kept is about 8 by 15 feet, and is partly floored and roofed, and that the unroofed portion is covered with coal cinders and ashes to a depth of from six to eight inches, and never becomes sloppy or muddy, even in the rainiest season. That at all times he has kept said pen in a sanitary condition, and that no odor, offensive to himself and family, or to any one else, has ever arisen therefrom, and that said pen has not endangered the health or comfort of any one, and, in the manner in which the same is kept, will not do so. It is further alleged that said premises are suitable for keeping hogs for hire, and that he believes he would be able to lease his pasture for hogs and particularly for brood sows to run therein to other people in said city at a profit of from $100 to $200 per annum, but for the fact that such persons are deterred by the existence of said ordinance and fear of prosecution thereunder from keeping hogs in his said inclosure. It is further alleged that a number of other citizens who own inclosed agricultural lands in the thickly settled portions of said city (naming four such persons and alleging that there are others) are desirous of keeping hogs on their premises, but are deterred from so doing by reason of the existence of said ordinance, and of threatened prosecutions thereunder, and that he brings this suit, not only in his own behalf, but in behalf of the persons named and of all others similarly situated.

Appellant alleges that he has heretofore been arrested by the officials of said city for violating said ordinance, and tried and acquitted, notwithstanding which said officials are threatening to, and if not restrained will, prosecute him for each day that said hogs have been or shall be kept upon said premises. It is alleged that said ordinance is void as being in contravention of section No. 1 of the fourteenth amendment of the Constitution of the United States of America; and of article No. 1, § 19, of the Constitution of the state of Texas. That he has no adequate remedy at law, and that unless injunction is granted he will suffer irreparable injury to his property rights.

[2] Assuming the allegations of fact in appellant's petition to be true, and taking judicial cognizance of those things which ought to be generally known (Ex parte Botts, 154 S. W. 221, 44 L. R. A. [N. S.] 629), we think that the ordinance complained of is void. A municipal corporation has no authority, except that granted in its charter, either directly or by reasonable implication. Ex parte Battis, 40 Tex. Cr. R. 104, 48 S. W. 514, 43 L. R. A. 863, 76 Am. St. Rep. 708; Ex parte Robinson, 30 Tex. App. 493, 17 S. W. 1057.

[3, 4] The city of Coleman is authorized by its charter "to abate and remove nuisances and to punish the authors thereof by penalties, fine and imprisonment, and to define and declare what shall be nuisances * * * and direct the summary abatement thereof." R. S. art. 844. But the power to define a nuisance does not empower a city to make that a nuisance which is not such per se, and does not become such by reason of the surrounding circumstances or the manner in which it is done. Const. of Texas, art. 1, § 19; San Antonio v. Salvation Army, 127 S. W. 860; Pye v. Peterson, 45 Tex. 312, 23 Am. Rep. 608; Ex parte Robinson, 30 Tex. App. 493, 17 S. W. 1057; Ex parte Glass, 49 Tex. Cr. R. 87, 90 S. W. 1108; Milliken v. City Council, 54 Tex. 394, 38 Am. Rep. 629; Ex parte Patterson, 42 Tex. Cr. R. 256, 58 S. W. 1011, 51 L. R. A. 654; St. Louis v. Heitzeberg, 141 Mo. 375, 42 S. W. 955, 39 L. R. A. 551, 64 Am. St. Rep. 516; Comfort v. Kosciusko, 9 Am. & Eng. Anno. Cases, 178; Dobbins v. Los Angeles, 195 U. S. 235, 25 Sup. Ct. 18, 49 L. Ed. 175; State v. Gilman, 33 W. Va. 146, 10 S. E. 283, 6 L. R. A. 847; Grossman v. Oakland, 30 Or. 478, 41 Pac. 5, 36 L. R. A. 612, 60 Am. St. Rep. 832; St. Louis v. Packing Co., 141 Mo. 375, 42 S. W. 955, 39

L. R. A. 551, 64 Am. St. Rep. 516; Yates v. Milwaukee, 77 U. S. (10 Wall.) 497, 19 L. Ed. 984.

To keep a hog is not, within itself, unlawful, and is not a nuisance per se. It can scarcely be contended that to keep a single hog in an inclosure of 20, 60, or 70 acres, such as is alleged to exist within the corporate limits of the city of Coleman, and in the sparsely settled portions thereof, would produce any disagreeable odor, or interfere with the comfort or health of any inhabitant of that town, for which reason the ordinance is too broad and sweeping, and cannot be upheld as a legitimate exercise of the power to suppress nuisances. The facts alleged by appellant show that keeping a hog by him is done under such surroundings and in such a manner as not to injuriously affect any one.

We do not mean to say that an ordinance forbidding the keeping of hogs in the business or thickly inhabited portion of a city would be void as applied to a particular individual who kept his hog pen in a cleanly and sanitary condition. It is well known that hog pens, in the manner that they are commonly kept, do become a nuisance to those living in close proximity thereto, and it might be too great a burden on a city, whose duty it is to protect its inhabitants from nuisances, to employ an inspector of hog pens, to see that they were kept sanitary. We are passing only on the conditions alleged in the petition, and what we do say is that an ordinance of a town embracing numerous large tracts of inclosed and unoccupied pasture and agricultural lands, forbidding the keeping of hogs anywhere in said town, is an unwarranted invasion of property rights, and is therefore void.

[5-8] It is a general rule, too well established to require citation of authorities, recognized in a number of the cases herein cited on other points, that an injunction will not be granted to stay criminal proceedings. Courts of law are created to try those who are accused of committing crime, and courts of equity will not usurp their jurisdiction. Philadelphia v. Stimson, 223 U. S. 620, 32 Sup. Ct. 340, 56 L. Ed. 577. This is particularly the case where the prosecution, pending or threatened, does not involve the validity of a law or ordinance, but only an issue of fact as to whether the acts done or contemplated amount to a violation of such law or ordinance. Greiner v. Truett, 97 Tex. 381, 79 S. W. 4; Galveston v. Mistrot, 47 Tex. Civ. App. 63, 104 S. W. 417; McDonald v. Denton, 132 S. W. 826. There are, however, well-established exceptions to the rule as above stated, one of which is that injunction will be granted to stay a criminal prosecution in order to avoid a multiplicity of suits. Houston v. Richter, 157 S. W. 189; Railway Co. v. Harmon, 156 S. W. 122; Coal Co. v. St. Louis, 130 Mo. 323. 32 S. W. 649, 51

Am. St. Rep. 566; Brizzolara v. Ft. Smith, 87 Ark. 105, 112 S. W. 184.

In Houston v. Richter, supra, the Court of Civil Appeals for the First District, speaking through Mr. Justice Reese, said:

"There is another ground of equity jurisdiction under which the right to grant the injunction in the present case can be sustained. Plaintiffs, 46 in number, suing for themselves and all others similarly interested, allege that they and such other persons have a common right, and that they and each of them are threatened with prosecution under said ordinance, unless they either cease to carry on their business or comply with the illegal requirements of the ordinance, and that each of them will be harassed with successive and continuous prosecutions. It seems entirely clear that the only adequate relief, if not the only relief at all, from such successive prosecutions, is by the remedy of injunction. An investigation of the authorities leads to the conclusion that in such case, and especially when, as here, such prosecution will seriously impair, if not destroy, appellees' property rights, equity will interfere by the writ of injunction to prevent a multiplicity of suits. To put each of the parties to his remedy of a defense to such prosecutions by setting up the invalidity of the ordinance does not, in fact, afford him full, complete, and adequate relief. In City of Tyler v. Storey, 44 Tex. Civ. App. 250, 97 S. W. 856, from the Court of Civil Appeals of the Fourth District, cited and relied upon by appellant, referring to the general rule that equity will not interfere by injunction to restrain criminal prosecutions under a void ordinance, the court says that: 'It seems that the multiplicity or oppressiveness of criminal prosecutions also constitutes an exception to the rule and affords a ground for the interference of equity.' 1 Pom. Eq. No. 255 et seq. No. 261. In the following cases the right to injunction on this ground is expressly affirmed: 1 Joyce on Inj. No. 531; Newport v. Bridge Co., 90 Ky. 193, 13 S. W. 720, 8 L. R. A. 484; Schlitz Brewing Co. v. City of Superior, 117 Wis. 297, 93 N. W. 1120; Sylvester Co. v. St. Louis, 130 Mo. 323, 32 S. W. 649, 51 Am. St. Rep. 566; Rushville v. Rushville Natural Gas Co., 132 Ind. 575, 28 N. E. 853, 15 L. R. A. 321; City of Hutchison v. Beckham, 118 Fed. 399, 55 C. C. A. 333; Chicago v. Collins, 175 Ill. 445, 51 N. E. 907, 49 L. R. A. 410, 67 Am. St. Rep. 224; Wilkie v. City of Chicago, 188 Ill. 444, 58 N. E. 1004, 80 Am. St. Rep. 182. The Wilkie Case last cited is in all respects on all fours with the present case. We think the petition presented proper grounds for the grant of the writ of injunction, assuming that the ordinance in question is void."

If the ordinance complained of is enforced against appellant, the prosecutions will certainly be numerous. Commenting upon similar ordinances, Chief Justice Brace of the Supreme Court of Missouri said:

"The ordinances are continuous, and plaintiffs' business is continuous, and under the ordinances, for each wagon load of coal sold and delivered in violation of the restrictive provisions thereof, the plaintiffs each become subject to an action in the municipal courts of the city for such violation." Coal Co. v. St. Louis, supra.

So in the instant case, appellant is liable to prosecution for each day that he has kept a hog on his premises since November 1, 1913, and for each day that he may hereafter so keep a hog. Appellant brings this suit, not only for himself, but for all others similarly situated, who desire to keep hogs in said city, and who will likewise be sub-

jected to numerous prosecutions should they attempt to exercise their legal rights in the premises.

In order to entitle one to an injunction to stay a criminal prosecution, he must show, not only that the ordinance or enactment complained of is illegal, but also that its enforcement will interfere with his property rights. In such case he is entitled to injunctive relief. Austin v. Cemetery Ass'n, 87 Tex. 330, 28 S. W. 528, 47 Am. Rep. 114; Goar v. Rosenberg, 53 Tex. Civ. App. 218, 115 S. W. 653; Salvation Army v. San Antonio, 127 S. W. 860; Robinson v. Galveston, 51 Tex. Civ. App. 292, 111 S. W. 1076; Coal Co. v. Conley, 67 W. Va. 129, 67 S. E. 613; Fellows v. Charleston, 62 W. Va. 665, 59 S. E. 623, 13 L. R. A. (N. S.) 740, 125 Am. St. Rep. 990, 13 Ann. Cas. 1185; Dobbins v. Los Angeles, 195 U. S. 235, 25 Sup. Ct. 18, 49 L. Ed. 177; Philadelphia v. Stimson, 223 U. S. 620, 32 Sup. Ct. 340, 56 L. Ed. 570; L'Hote v. New Orleans, 51 La. 93, 24 South. 608, 44 L. R. A. 91.

A hog is property; to steal it is a felony; to willfully injure it is a misdemeanor; for its conversion, the owner may recover damages. It is no answer to the allegations herein to say that the ordinance does not purpose to take hogs from their owners. It proposes to deprive them of the means by which hogs may become valuable to citizens of Coleman, situated as is the appellant, and to render brood sows and boars valueless as such. "You do take my house when you do take the props that doth sustain my house." The right to use property in such manner as to derive revenue therefrom is as much a property right as is the title to property. For illustrations as to what is property, and what a property right, and what amounts to such an interference with the same as will entitle one to injunctive relief, see, in addition to the authorities above cited, R. S. art. 5652; Ex parte Robinson, 30 Tex. App. 493, 17 S. W. 1057; State v. Gilman, 33 W. Va. 146, 10 S. E. 283, 6 L. R. A. 847; Fellows v. Charleston, 62 W. Va. 665, 59 S. E. 623, 13 L. R. A. (N. S.) 740, 125 Am. St. Rep. 990, 13 Ann. Cas. 1185.

Appellant's allegation with reference to the use of his lands, not only show an unlawful invasion of his property rights, but also brings him within the principle announced in Austin v. Cemetery Ass'n, supra, viz.: That when the existence of an illegal ordinance acts in terrorem over others, so as to deprive one of his property rights, injunction should be granted to stay prosecutions thereunder. Appellant alleges that the existence of the order complained of deprived him of substantial revenue, by preventing others from keeping hogs in his pasture. However, we do not regard such fact to be essential to the right of injunction. The illustration in reference to the butcher in the Cemetery Case, supra, is dicta. We think it is sufficient that it be made to appear that the ordinance is void and that its enforcement in the manner attempted or threatened will destroy the property rights of appellant. To the essentials for injunctive relief there is usually added, and that the plaintiff is without an adequate remedy at law.

Our statute broadens the equity jurisdiction of courts in the matter of injunction. R. S. art. 4643. We held in Brownwood v. Telephone Co., 152 S. W. 713, in which case a writ of error has been refused by our Supreme Court, that:

"Appellee, having shown itself entitled to an injunction under the principles of equity provided by statute, was entitled to the writ where it was threatened with irreparable injury to its property rights, independent of whether it had an adequate legal remedy or not."

Mr. Justice Rice, who wrote the opinion, cited in support of this proposition R. S. art. 4643; Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994; Goar v. City of Rosenberg, McDonald v. Denton, and San Antonio v. Salvation Army, supra; and, also, Sullivan v. Dooley, 31 Tex. Civ. App. 589, 73 S. W. 82, and Ex parte Warfield, 40 Tex. Cr. R. 413, 50 S. W. 933, 76 Am. St. Rep. 724.

However, in this case, we think appellant was without an adequate remedy at law. In Houston v. Richter, supra, referring to the threatened prosecutions under a void ordinance, the court said:

"To put each of the parties to his remedy of a defense to such prosecutions by setting up the invalidity of the ordinance does not, in fact, afford him full, complete, and adequate relief."

In Coal Co. v. St. Louis, supra, the court said:

"The fact that in each of such suits the plaintiffs might plead successfully the invalidity of the ordinances as a defense thereto does not give them an adequate remedy. They are entitled to be protected from the expense, vexation, and annoyance of such a multiplicity of suits, in consequence of their continuance of a legitimate business."

Excerpts from other opinions to the same effect could be multiplied, but we deem it unnecessary to do so. To our minds, the mere existence of the ordinance complained of is sufficient, if no relief can be had from a court of equity, to deter any man of ordinary prudence from keeping a hog anywhere and under any conditions within the corporate limits of the city of Coleman.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for a new trial on its merits.

Reversed and remanded.