## G. W. GOAR v. CITY OF ROSENBERG ET AL.

### Decided January 11, 1909.

**1.—Rivers—Accretions—Municipal Corporations.**

Gravel deposited on the banks of a river forming an accretion to the abutting land becomes the property of the owner of the land, and though the land be situated within the limits of an incorporated city, such city is without authority to prevent its removal by the owner unless by such removal the proper use of the streets is interfered with or a nuisance is thereby created.

**2.—Same—Gravel in River Beds.**

Gravel accumulated in the bed of a river which is the boundary of an incorporated city may be removed and appropriated by any one so long as he does not interfere with the rights of others in the gravel, and he cannot be restrained at the suit of the city from the exercise of the rights common to him and other citizens.

**3.—Ordinance—Injunction.**

An ordinance prohibiting the removal of gravel which had become an accretion to land abutting on a river and gravel accumulated in the bed of the river forming the boundary of the city, was without authority and void, and its attempted enforcement being an invasion of the property rights of the owner of the land, could be enjoined.

**4.—County Attorneys—Powers.**

Where the suit involved the right of a city to prevent the removal of gravel forming accretions and accumulated in the bed of a river forming the boundary of the city, the county attorney was without authority under his general powers to make the State and county parties.

Appeal from the District Court of Fort Bend County. Tried below before Hon. Wells Thompson.

*F. X. Joerger* and *Russell & Pearson,* for appellant.

*H. T. McCabe* and *W. L. Davidson,* for appellees.

PLEASANTS, CHIEF JUSTICE.—This is a suit for injunction brought by the appellant against the city of Rosenberg, a municipal corporation in Fort Bend County, and against the mayor, board of aldermen, city recorder and city marshal of said city, to restrain said city and its officers from interfering with him in his removal of gravel from land owned by him in said city and from the bed of the Brazos River, which river forms the northern boundary of the city, and from the enforcement or attempted enforcement against plaintiff of an ordinance of said city prohibiting the removal of said gravel. The substance of the pleadings and a summary of the proceedings in the court below are sufficiently stated in appellant's brief, from which we copy as follows:

"Plaintiff alleged that he was the owner of a body of land having as its northern boundary the Brazos River, and partly within the territorial limits of said city, which was on the south side of and near said river. That during past years the action of said river had caused quantities of gravel to form along the banks of the river contiguous to said limits and against plaintiff's land, both within and

without said limits, in such manner as to form an accretion thereto, and that gravel had also formed out in the stream near his land; that the gravel against and a part of his land was his property, and that elsewhere was the property of anyone who chose to take it. That the city had no authority of any kind over any of said gravel; that none of it was the property of the city, and none of it within its jurisdiction. That said city had appropriated much of said gravel, and claimed to own and control it all, and had passed an ordinance prohibiting anyone from taking it; had prosecuted and arrested people for taking it, and threatened with arrest anyone who did take it, and in every way sought to intimidate plaintiff from taking it, and was threatening him and interfering with him in many ways to prevent his taking it. That plaintiff was under contract to deliver $500 worth of said gravel, and was endeavoring so to do, and he prayed for an injunction prohibiting defendants from interfering with him in the removal of any of the gravel, and also that said ordinance be declared void.

"The petition was verified and plaintiff made oath that Hon. Wells Thompson, judge of the District Court of Fort Bend County, was not in Fort Bend County, nor in the district, and that he did not know where he was. On the same day, November 1, 1908, the petition was presented to Hon. Norman G. Kittrell, judge of the Sixty-first Judicial District of Texas, who endorsed his fiat thereon as follows: 'The clerk of the District Court of Fort Bend County will issue a temporary restraining order in the terms as prayed for upon plaintiff giving bond in the sum of $250. Said order to remain in force until otherwise ordered by the judge of the Twenty-third Judicial District, before whom this writ is made returnable, and when heard this application will be treated as an application for injunction.' The writs were issued next day (November 2, 1908, the legal date for the convening of the District Court of Fort Bend County, but which in point of fact did not convene until November 4, 1908); and upon November 4, 1908, the defendants, joined by twenty-one citizens of Rosenberg and purportedly by the State of Texas and Fort Bend County (both of whom, it was alleged, appeared by W. L. Davidson, county attorney of Fort Bend County, who also represented defendants), filed a document containing, among other things, a motion to dissolve, and an answer and cross-bill for injunction against plaintiff. The motion contained general demurrers and special exceptions to plaintiff's petition.

"The answer contained a general denial; statement that 'every deed plaintiff had called for the bank of the Brazos River;' that the State had long since declared the Brazos a navigable stream; that they objected to plaintiff taking the gravel because it was common property; that Fort Bend County was erecting a bridge across the river near the city; that plaintiff was removing gravel and shipping it to Galveston, and appropriating it to his private benefit when it was common property; that such removal would endanger the bridge; that it was absolutely necessary to have an injunction, as there was no statutory remedy; and prayed that injunction issue restraining plaintiff from removing any of the gravel."

To this motion to dissolve and ·cross-bill of appellees plaintiff filed general and special exceptions, all of which were overruled by the court. He also filed special plea denying the authority of W. L. Davidson, county attorney of Fort Bend County, to intervene for said county or State of Texas.

By agreement of parties the cause was tried on the 5th day of November, 1908, and a final judgment was rendered dissolving the restraining order theretofore granted plaintiff, except as to the gravel upon plaintiff's land situated without the limits of the city of Rosenberg, and granting an injunction in favor of the defendants and interveners perpetually restraining plaintiff from removing any gravel from that portion of his land situated within said city and from the bed of the river along the boundary of said city.

The trial court, at the request of appellants, filed the following conclusions of fact:

"I find that J. W. Goar owns a body of land in the Henry Scott league of Fort Bend County, and that said body of land has as its northern boundary the Brazos River.

"2. And that in the past twenty years or so there had accumulated along and adjacent to Goar's said river frontage a large quantity of gravel, which has been deposited by the river against Goar's land and to a height of several feet above the ordinary level of the river and in such manner as to form a part of the bank of same along Goar's land.

"3. I find that the city of Rosenberg is a village incorporated under the general laws relating to towns and villages (title 18, chapter 2), and has no power except those conferred upon it by such general laws.

"4. The territorial limits of said village have the Brazos River as their northern boundary and includes a part of Goar's said land and thus said accretions are partly within said limits and partly without, but no part of the streets or other city property are on Goar's land.

"5. There is no testimony as to what effect, if any, the removal of said gravel would have upon the streets or other property of or within said town, and there is no testimony as to whether or not such removal would constitute a nuisance, and no testimony as to any effect such removal would have except as to the county bridge, which is outside of the city limits, and therefore I make no finding as to any such effects, if any, except as to the county bridge, and I find that such removal would not affect it at all.

"6. I find that the said city has removed and appropriated much of the gravel out of the same formation, but lying down the river a short distance from plaintiff's land.

"7. I find that the city has passed an ordinance prohibiting the removal of gravel from the river within the city limits.

"8. I find that the county judge nor Commissioners' Court have authorized the county attorney to appear ·in this cause or make the county of Fort Bend a party thereto.

"9. I find that the said city nor anyone else have ever condemned said gravel or paid Goar therefor."

We shall not in this opinion consider in detail the several assignments of error presented by appellant. We think it clear that upon the facts found the trial court was not authorized to render a judgment restraining appellant from removing the gravel from any of the land described in the petition. The bank of gravel which had been formed as an accretion to appellant's land was his property, and notwithstanding the fact that a portion of such accretion was in the territorial limits of the city of Rosenberg, said city had no authority to prevent its removal, unless by such removal the proper use of the streets of the city was interfered with or a nuisance was thereby created, and the court expressly finds that there is no evidence tending to show either of these facts.

Insofar as the gravel which has accumulated in the bed of the river is concerned, while appellant has no exclusive right to remove and appropriate same, he has equal rights with other citizens therein, and so long as he does not interfere with the rights of others in said gravel he can not be restrained from the exercise of the rights common to him and other citizens. There is nothing in the facts found by the court which indicates that appellant is asserting any exclusive right in this gravel, or in any way interfering with the rights of any other citizen therein. The court finds that the removal of the gravel by appellant in no way endangers the safety of the county bridge, and upon this finding, if the county of Fort Bend had authorized the county attorney to intervene in the suit, no injunction could be granted in its favor upon the ground alleged in the pleading. It is clear, however, that the county attorney had no authority to make the county of Fort Bend, nor the State of Texas, a party to this suit, and the suit as to them should have been abated for want of such authority. (Looscan v. Harris County, 58 Texas, 514.) It is equally clear that the citizens of Rosenberg and Fort Bend County who made themselves parties to the suit failed to show any such invasion of their rights by appellant as would authorize an injunction in their favor.

The ordinance of the city of Rosenberg prohibiting the removal of the gravel described in plaintiff's petition having been passed without authority on the part of the city council of said city, is void, and its attempted enforcement being an invasion of the property rights of appellant can be enjoined. (City of Austin v. Austin City Cemetery Association, 87 Texas, 330.)

From these conclusions it follows that the judgment of the court below must be reversed, and the facts being undisputed, this court will proceed to render judgment in favor of appellant perpetually enjoining the city of Rosenberg and the officers of said city named in the plaintiff's petition from in any way interfering with plaintiff in the removal by him of the gravel upon the lands described in his petition or in the bed of the Brazos River, or from attempting to enforce the ordinance of said city forbidding the removal of said gravel, and dismissing the suit of the citizens of Rosenberg and Fort Bend County and the county of Fort Bend and the State of Texas, interveners herein, and it has been so ordered.

*Reversed and rendered.*