SOUTHWESTERN TELEGRAPH & TELEPHONE CO. v. STATE OF TEXAS
ET AL.

No. 2497. Decided December 21, 1918.

**1.—Telephone—Enforcing Connection With Other Lines—Constitutional Law.**

A statute requiring a telephone company to make connections with the lines of another company and afford service to its patrons for compensation, is not a taking of the property of such company forbidden by the Constitution. It is a proper regulation of the company's service for the public convenience, under the police power of the State, and analogous to the requirement that it give access to the use of its own lines to those desiring to become patrons thereof, or to the regulations compelling railway lines to make connections and exchange business. (Pp. 340, 341.)

**2.—Same—Act of 1907.**

The Act of May 16, 1907 (Laws, 30th Leg., p. 462), does not, in requiring connection and transfer of messages between the lines of different telephone companies, deprive either of such companies of the possession or use of its own property nor require either to perform services for the patrons of the other without its proper toll value for its services. It is not unconstitutional. (Pp. 340, 341.)

**3.—Same—Pleading.**

Where the petition charged each of the two telephone companies with penalties under section 5 of the Act of May 16, 1907, alleging an order by a city council duly made under section 4 of said Act, requiring them to make connection, and failure of each to comply therewith, it was not subject to general demurrer by one defendant for failure to allege that the other had complied. (P. 341.)

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Childress County.

The State sued the Southwestern Telegraph and Telephone Company and the Paducah Telephone Company for penalties for refusing to make connection between their lines and arrange for transfer of messages in the City of Childress in pursuance of an order of its city council to that effect made in pursuance of section 4 of the Act of May 16, 1907 (Laws 30th Leg., p. 462). Judgment was rendered against the former company, which had refused to permit compliance by the latter willing to make the connection. The Southwestern Telegraph and Telephone Company appealed and on affirmance obtained writ of error.

*A. P. Wozencraft, W. S. Bramlitt, S. P. English,* and *Joseph D. Frank,* for plaintiff in error.—Certain obligations and requirements are imposed upon the Paducah Telephone Company before the Southwestern company is required to arrange for such physical connection, or make the same, and since the petition of the State wholly fails to show, allege or affirm that the Paducah Telephone Company had complied

with the order of the city council, by meeting said obligations and requirements, at any time prior to the expiration of said ninety-four days, it failed to state a cause of action against the Southwestern company, and because thereof the general demurrer of said company should have been sustained. A party seeking the benefit of a penalty statute must bring himself strictly within its provisions, both in his allegations and the proof. Austin & N. W. Ry. Co. v. Slator, 7 Texas Civ. App., 346, 26 S. W., 233; State v. Vinson, 5 Texas Civ. App., 317, 23 S. W., 807-808; Schloss v. Atchison, T. & S. F. Ry. Co., 86 Texas, 601; Texas & P. Ry. Co. v. Arnett, 92 S. W., 57.

The city council of Childress, Texas, was without authority and power to compel the Southwestern company to permit the Paducah company to extend its long distance line into the office of the said Southwestern company at Childress, and there so connect such line with the switchboard and lines of the said Southwestern company as in handling the business of the public originating on the line of one company and destined for a station on the line of the other, the Southwestern company would at Childress be compelled, for the consideration named by said order, to act as agent of, and perform the services necessary for carrying out the handling of such calls for the Paducah Telephone Company by such method of physical connection. Because thereof the order was null and void, and the general demurrer should have been sustained. Cowan v. Telegraph Co., 129 S. W., 1066.

The appellant's instructed verdict should have been given because the order of the city council upon which the suit is based commands and requires the appellant company to supply or furnish to the Paducah company, and its patrons, the use of the lines of the appellant company, but makes no provision whereby the appellant company may first obtain its compensation, or the constitutional security therefor, and therein the order is violative of the Fifth Amendment to the Constitution of the United States, and of article 1, section 17, of the Constitution of the State of Texas. Railway Co. v. Henderson, 86 Texas, 312; Railway Co. v. Ferris, 26 Texas, 599; Railway Co. v. State (on rehearing), 120 S. W., 1037; Railway Co. v. Smith, 128 U. S., 174, 32 Law. Ed., 377; W. U. Tel. Co. v. R. R. Commission, 24 Miss., 80, 21 So., 15; Stone v. Farmers L. & T. Co., 116 U. S., 307-331, 29 Law. Ed., 636-644; Smith v. Ames, 169 U. S., 523, 42 Law. Ed., 841.

The order of the city council makes no provision securing to the appellant company its moneys for the uses of its lines by the Paducah company and the latter company's patrons. Testimony showing the last named company would use the appellant's lines and collect money therefor was competent on the issues in the case, and especially on the issue as to the validity of the ordinance for unreasonableness and for being in violation of the Fifth Amendment to the Constitution of the United States, and article 1, section 17, of the Constitution of the State of Texas, inhibiting the taking or using of another's property for public use without compensation first made or security provided therefor. Rail-

way Co. v. Henderson, 86 Texas, 312; Railway Co. v. Ferris, 26 Texas, 599; Railway Co. v. State (on rehearing), 120 S. W., 1037; Railway Co. v. Smith, 128 U. S., 174, 32 Law. Ed., 377; Stone v. Farmers L. & P. Co., 116 U. S., 307-331, 29 Law. Ed., 636-644; Smith v. Ames, 169 U. S., 523, 42 Law. Ed., 841; Austin v. Cemetery Assn., 87 Texas, 336.

*James H. Peden,* County Attorney, and *Joseph H. Aynesworth,* for defendant in error.—The contention of the appellant is not well taken for the reason that appellant was not required under said order nor the law authorizing such order to transmit any message unless the same had been paid, and there is nothing in the pleadings nor the evidence which justifies the construction that the appellant was required to transmit any messages without its regular compensation first being paid by the Paducah Telephone Company any more than it was required to transmit without pay, one for your humble servant or other patrons. That the law is constitutional, and the order valid. Gulf, C. & S. F. Ry. Co. v. State, 120 S. W., 1035. As they are common carriers, they fall under section 1, article 10, Constitution, requiring a physical connection. Thompson v. Missouri, K. & T. Ry. Co., 126 S. W., 257; Home Tel. Co. v. People's Tel. Co., 141 S. W., 845.

This is a police regulation and as such is not controlled by section 17, article 1, State Constitution, neither by the 14th article U. S. Const. See Keller v. Corpus Christi, 50 Texas, 614. See also section 1, article 10, State Constitution, which by necessary implication now controls all *common carriers,* and telephone lines are common carriers of news and intelligence. Authorities supra.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The Act of 1907 (Acts of Thirtieth Legislature, 462) provides that all companies, individuals, firms or corporations doing a telephone business in this State shall be compelled to make physical connections between their toll lines at common points for the transmission of messages or conversations from one line to another, with the proviso that in no case shall such a line be compelled to receive from the line of another company and transmit to its final destination any message originating on its own line. Where an incorporated city is a common point of two such lines, the Act authorizes a public hearing by the city council for the purpose of determining whether in the interest of the public convenience it is necessary for such a connection to be made, and to order it made if found to be necessary, upon such conditions and division of expense as the council shall provide. Provision is made for an appeal from such order by any line thus affected by it to the court of appropriate jurisdiction; and for the recovery by the State of penalties if the order be not complied with.

In August of 1911, Childress, Texas, was a common point for the lines of the Southwestern Telegraph and Telephone Company, extending from Childress to Paducah, Texas, and other points in the State, and

the Paducah Telephone Company, extending from Childress to Paducah. In that month the city council of Childress ordered a hearing for the purpose of determining whether in the interest of the public a physical connection of the two lines at Childress should be made, and after such hearing ordered that the connection be made upon the switchboard of the former company, the Paducah company being required to furnish at its own expense a suitable line of poles and wires to the office of the Southwestern company, and the additional expense of making the connection to be borne equally by the two companies. The order provided that for all connections, in the transmission of messages, made by the line of the Paducah company with any local subscriber of the Southwestern company at Childress, there should be paid by the Paducah company to the Southwestern company a charge of five cents for each connection; and that for all connections of its line with that of the Southwestern company for any other point than Childress on the line of the latter, a charge of two and one-half cents for each connection.

Neither company appealed from the order of the council. The order was not complied with, and this suit for penalties under the Act resulted. Judgment was rendered against the Southwestern company, but in favor of the Paducah company. The evidence supports the judgment, in that it very plainly shows that the Paducah company complied with the order and endeavored to and was willing to make the connection, but that the Southwestern company refused to make it.

The connection at Childress had formerly been maintained by the two companies under a contract between them, but by act of the Southwestern company it was discontinued shortly before the city council made its original order for a hearing.

It is plain that the order of the city council contemplates that the Southwestern company may charge its proper toll rate for its service in respect to all messages or conversations between points upon the line of the Paducah company and those upon its own line, in addition to the connection charge provided for in the order. It is also clear that under the Act it could not be required to afford its service for the transmission of any message or conversation originating at a point on its own line, such, for instance, as Paducah. The order is to be so construed.

The order of the council is assailed by the Southwestern company as a taking of its property without compensation and without due process of law. The Act, in its authority for the order, is challenged upon the same grounds. In our opinion compliance with the order will not result in any "taking" of the company's property in any constitutional sense. Its effect is only to require that by means of the connection upon its switchboard it afford, for compensation, the service of its toll lines to the public at certain points upon the Paducah company's line. In all such cases those patrons will be as fully its patrons as those of the Paducah company. In extending the service it will remain in undisputed control of all of its property, including the switchboard. The

operation of its lines for the purpose of the service will be entirely in its hands. No different use or burden will be imposed upon its property. The company is merely made to provide a facility whereby patrons of another line may, by means of that line and for a charge paid the company for the service, have access to its toll lines. If this be a "taking" of the company's property, the property of such a company is likewise taken every time the company is made to connect its line with the storehouse or residence of a local subscriber as the means of affording him similar service. It is not a taking of property. It is merely a reasonable regulation of the company's service for the public convenience which the State may prescribe in the exercise of its police power, and to which the company as a common carrier is properly subject.

The regulation does not differ in principle, manner or degree from those requirements found in the statutes of every State which compel the physical connection of different railway lines at junction points, and their acceptance, interchangeably, of traffic from each other. Every argument that can be made against the validity of this Act and the order of the council made in pursuance of it, could with equal force be made against those statutes. They equally require the larger lines of railway to physically connect with smaller lines and thus afford their service to the public at points not on their lines. They equally require, and in the same manner and to the same extent, the use of the property of one railway line for the benefit of original patrons of another line. Yet the validity of such statutes against the challenge here made of this Act and order is not open to question. Wisconsin, etc., Ry. Co. v. Jacobson, 179 U. S., 287; Grand Trunk Ry. Co. v. Michigan Railroad Commission, 231 U. S., 457; Railway Co. v. Railroad Commission of Texas, 99 Texas, 332, 89 S. W., 961; Jacobson v. Wisconsin, etc., Ry. Co., 71 Minn., 519, 40 L. R. A., 389, 70 Am. St., 358.

The same reasons which sustain the constitutionality of such statutes, make valid this Act and the order of the Childress city council under it.

The cases which relate to legislative Acts requiring the connection of telephone lines are not numerous, but the following authorities may be referred to as sustaining such exercise of the legislative authority: Pond on Public Utilities, sec. 554; Jones on Telegraph and Telephone Companies, sec. 263; Pacific Telephone and Telegraph Company v. Hotel Company, 214 Fed., 666; Hooper Telephone Company v. Nebraska Telephone Company, 96 Nebraska, 245, 147 N. W., 674.

The petition was not subject to a general demurrer for failure to allege that the Paducah company had fully complied with the order, so as to make the connection possible on the part of the Southwestern company. Both companies were sued for failure to comply with the order. The petition charged that "neither had been prevented from making the connection with the line of the other, but that each had failed and refused to make the connection as ordered." This was a sufficient allegation of delinquency on the part of both companies, and, as a pleading, would sustain a finding that either was at fault.

The judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*