**STONE, Mayor, et al. v. KENDALL et al.
(No. 222.)**

(Court of Civil Appeals of Texas. Waco.
Jan. 22, 1925.)

**1. Constitutional law ⟲⟳277(1)—Right to use property protected by Constitution subject only to police power.**

Rights of property secured to citizens by Const. art. 1, § 19, prohibiting the deprivation of property, privileges, or immunities, except by due course of law, consist, not merely of its ownership and possession, but also in the unrestricted right of its use, enjoyment, and disposal, subject only to police power.

**2. Constitutional law ⟲⟳81—"Police power" defined.**

"Police power" is a grant of authority from the people to their governmental agencies for the protection of the health, safety, comfort, and welfare of the public.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Police Power.]

**3. Constitutional law ⟲⟳81—Exercise of police power justified by public necessity.**

Police power is founded on public necessity, and only public necessity can justify its exercise.

**4. Constitutional law ⟲⟳81—Use of property cannot be abridged unless it endangers public.**

Police power cannot be invoked to prohibit particular use of private property, unless such use reasonably endangers or threatens the public health, safety, comfort, or welfare.

**5. Municipal corporations ⟲⟳605—Gravel pit within municipality not nuisance per se.**

Operation of gravel pit within the limits of a municipality *held* not nuisance in itself.

**6. Municipal corporations ⟲⟳605—Gravel pit within municipality nuisance when dangerous.**

Operation of gravel pit within limits of municipality, where excavations are made too near public streets, alleys, or passways thereof as to endanger the public in traveling to and fro thereon, or where explosives are used in dislodging and excavating gravel so as to endanger persons or property in vicinity thereof, or where water is allowed to accumulate and stand in holes left by such excavation and removal of gravel, constitutes a nuisance.

---

⟲⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Constitutional law** &#9750;=278(1) — **Ordinance prohibiting excavation of gravel held void.**

Ordinance prohibiting excavation within municipality for purpose of removing dirt or gravel, or any other natural substance in the soil thereof, *held* unenforceable as arbitrary, and unwarranted limitation on the lawful use and enjoyment of private property, inhibited by Const. art. 1, § 19.

**8. Injunction** &#9750;=85(2)—**Enforcement of void ordinance injuriously affecting lawful use of property will be enjoined.**

When right of lawful use and enjoyment of private property will be injuriously affected by threatened enforcement of a void ordinance, such enforcement will be enjoined.

Appeal from District Court, McLennan County: Sam R. Scott, Special Judge.

Suit by Ben G. Kendall, administrator of the estate of Mrs. R. P. Chamberlain, deceased, and others, against Thomas P. Stone, Mayor, and others. From an order granting a temporary injunction, defendants appeal. Affirmed.

John McGlasson and W. L. McConnell, both of Waco, for appellants.

Sleeper, Boynton & Kendall, of Waco, for appellees.

GALLAGHER, C. J. This is an appeal from an order of the district court, granting a temporary injunction. Ben G. Kendall, administrator of the estate of Mrs. R. P. Chamberlain, deceased, Miss Jessie Cora Chamberlain, and the American National Bank, a corporation, appellees herein, complaint of Thos. P. Stone as mayor, and of the several other commissioners of the city of Waco, constituting its governing body, appellants herein, and allege that appellees are the owners of certain lands in the city of Waco; that such lands contain large and valuable deposits of gravel; that appellees are and have been for a long time prior to the passage of a certain ordinance of said city, hereinafter set out, operating a gravel pit on said land, and in course of said operation excavating, removing, and marketing said gravel; that the chief value of said land consists of the removal and sale of the gravel therefrom, and that such land has little value for any other use or purpose; and that appellees derive a substantial profit and return for marketing such gravel.

Appellees further allege that appellants, as the governing body of said city, have passed a certain ordinance, which omitting formal parts, is as follows:

"Sec. 1. It shall hereafter be unlawful for any person, firm or corporation to make any excavation, or cause to be made any excavation upon any premises within the city of Waco, for the purpose of removing from such premises, dirt, gravel or any other natural substance in the soil of any premises.

"Sec. 2. It shall also be unlawful for any person, firm or corporation to remove or cause to be removed from any premises in the city of Waco, any dirt, gravel or any other natural substance in the soil.

"Sec. 3. Nothing in this ordinance shall prohibit excavation and removal of substance from premises necessary for the purpose of erecting, building or making other improvements thereon, which improvements shall begin within sixty days after the removal as herein contemplated and construction continued until final completion.

"Sec. 4. Any person, firm or corporation violating any of the terms of this ordinance, shall upon conviction be deemed guilty of a misdemeanor and fined in any sum not exceeding two hundred ($200.00) dollars."

Appellees further allege that appellants have notified them that they intend to enforce said ordinance, and that they intend to cause the arrest and prosecution of appellees and their agents and employees, if they continue to excavate and remove gravel from said lands.

Appellees attack said ordinance, and contend that the same is illegal, unconstitutional, and void for the following reasons:

"(a) That the enforcement of said ordinance would deprive your petitioners of their property and of their privileges and rights therein without due course of law.

"(b) That said ordinance undertakes by its provisions to make unlawful the conduct of a lawful business by your petitioners in the ownership of their property.

"(c) That said ordinance and its provisions are unreasonable and oppressive, and therefore void and of no effect."

Appellees further allege that, if appellants permitted to enforce said ordinance against them, they will be deprived of the use of their property and of the receipt of the profits and income from the same arising out of the operation of said gravel pit; that the value of said property will be practically destroyed; and that they will suffer irreparable loss and damage, for which they have no adequate remedy at law.

Appellees' petition, duly verified, was presented in open court, and on consideration of the same the court made an order and caused the same to be recorded in the minutes of the court, granting a temporary injunction, restraining appellants from enforcing said ordinance. Appellants in open court excepted to such action, and gave notice of appeal to this court. Appellants filed no answer to said petition and no assignments of error in the trial court. They have filed neither brief nor authorities in this court, nor have they presented any argument, oral or written, in support of their appeal.

[1] Our Constitution provides that:

"No citizen of this state shall be deprived of * * * property, privileges or immunities

* * * except by the due course of the law of the land." Constitution, § 19, art. 1.

[2-4] The right of property thus secured consists, not merely of its ownership and possession, but also in the unrestricted right of the use, enjoyment, and disposal thereof, subject only to the police power. Such power is a grant of authority from the people to their governmental agencies for the protection of the health, safety, comfort, and welfare of the public. It is founded in public necessity, and only public necessity can justify its exercise. Since the right of a citizen to use his property as he chooses, so long as he harms nobody, is an inherent and constitutional right, the police power cannot be invoked to prohibit a particular use of private property, unless such use reasonably endangers or threatens the public health, safety, comfort, or welfare. Spann v. City of Dallas, 111 Tex. 350, 355, 357, 235 S. W. 513, 19 A. L. R. 1387.

[5, 6] Can it be said that the excavation, removal, and sale of gravel by appellees in the operation of said gravel pit will in itself necessarily, or even probably, injuriously affect the health, safety, comfort, or welfare of the inhabitants of said city? We think not. We do not see how said gravel pit, properly operated, can be held a nuisance in itself or likely to injuriously affect the public in any manner within the authority of the city in the exercise of its police power to regulate or prohibit. It is true it might be so operated as to render it a nuisance. For instance, excavations might be made so near the public streets, alleys, or passways of the city as to endanger the public in traveling to and fro thereon; explosives might be so used in dislodging and excavating the gravel as to endanger persons or property in the vicinity of such operations; water might be allowed to accumulate and stand in the holes left by such excavation and removal of gravel. None of the same, however, are necessarily incident to such operation.

[7] The penalties imposed by the ordinance are to be inflicted, regardless of any of such contingencies, and regardless of any improper operation of the gravel pit in any other particular. The ordinance under consideration is, in our opinion, an arbitrary and unwarranted limitation upon the lawful use and enjoyment of private property, and inhibited by the provisions of the Bill of Rights embodied in our Constitution, as above quoted, and is therefore void and unenforceable. Spann v. City of Dallas, supra; Crossman v. Galveston, 112 Tex. 303, 309, 310, 247 S. W. 810, 26 A. L. R. 1210; Pye v. Peterson, 45 Tex. 312; Goar v. City of Rosenberg, 53 Tex. Civ. App. 218, 115 S. W. 653.

[8] When the right of lawful use and enjoyment of private property will be injuriously affected by the threatened enforcement of a void ordinance, such enforcement will be enjoined. City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 330, 336, 28 S. W. 528, 47 Am. St. Rep. 114.

The action of the trial court in granting such temporary injunction is here affirmed.