**CITY OF KERMIT, a Municipal Corporation, et al., Appellants,**

v.

**Larry W. SPRUILL, Appellee.**

No. 5339.

Court of Civil Appeals of Texas.

El Paso.

Oct. 7, 1959.

Rehearing Denied Oct. 28, 1959.

Roberson, Wesch & Milstead, Calvin W. Wesch, Richard C. Milstead, Kermit, for appellants.

John R. Lee, Kermit, for appellee.

LANGDON, Chief Justice.

This is an appeal from an order of the district court of Winkler County granting a temporary injunction against the City of Kermit, its city attorney, city judge, and any other city officials, restraining and enjoining them from enforcing any and all provisions of four ordinances of the City of Kermit. The ordinances involved attempt to define certain fire zone limits and to regulate construction, both as to materials and type of structures, to be there-after located therein; and requiring a building permit before construction is commenced.

Appellee alleged that such ordinances were void and unenforceable, and that attempted enforcement thereof would result in irreparable injury and damage to a vested property right of appellee. Appellee also contends that Ordinance No. 177 of the City of Kermit, passed on or about August 8, 1958, after the suit here in question had been heard and determined by the trial court, repealed, either expressly or impliedly, the four ordinances involved in this controversy, and that all questions raised by appellant on this appeal are now moot.

Appellants' appeal is predicated upon two points, in which it is contended—first, that the trial court erred in granting an injunction in a civil action restraining and enjoining appellants from proceeding with criminal prosecutions under municipal ordinances with penal provisions, for the reason that such municipal ordinances are not void and unconstitutional; and, secondly, for the further reason that appellee failed to prove that the prosecution and enforcement of said municipal ordinances would result in irreparable injury and damage to appellee, or that he lacked an adequate remedy at law.

The rule is well established that courts of equity are not concerned with the enforcement of criminal laws, and will not ordinarily enjoin the enforcement of a penal ordinance even though it is void. But, when the ordinance is void and its enforcement constitutes an invasion of complainant's vested property right, its enforcement will be enjoined. Bielecki v. City of Port Arthur, Tex.Com.App., 12 S. W.2d 976; Goar v. City of Rosenberg, 53 Tex.Civ.App. 218, 115 S.W. 653; City of Brownwood v. Brown Telegraph & Telephone Co., Tex.Civ.App., 152 S.W. 709; Murphy v. Wright, Tex.Civ.App., 115 S.W. 2d 448; Dibrell v. City of Coleman, Tex. Civ.App., 172 S.W. 550.

Some discussion of the nature of the litigation resulting in this appeal will assist in applying the law to the evidence in the record here presented.

About the middle of 1952, appellee Larry W. Spruill acquired a lease on Lot 7, Block 15, of the Original Townsite of Kermit. The lease is a valid and subsisting lease at this time, and has been at all times since its acquisition. The lot in question is located at 401 South Popular, on which appellee Spruill operated an automobile sales and finance business. In 1958, some three months prior to these proceedings, Spruill moved his principal place of business to a new location about three blocks north of the original location, on the same street, but at the corner of Austin and Popular. According to Spruill, he had spent $25,000 to $30,000 in the four years preceding this suit, in advertising his business at 401 South Popular. He retained the lease on the former location and, when he moved, he erected a large wooden sign at the site of the old location, directing the public to the new location of his business. It is Spruill's contention that he has invested large sums in advertising the old location of his business, and that, to fully protect this investment, it was to his advantage to take this means of showing his change of address; that this is a property right and that he has a vested property right in Lot No. 7; that the four ordinances sought to be enforced against him by the City of Kermit and its named officers are void and unenforceable, and that attempted enforcement thereof would result in irreparable injury and damage to his vested property rights.

■ Among other grounds cited by appellee in support of his contention that the ordinances are void, is the alleged failure of the City of Kermit to comply with the procedural requirements of Articles 1011d and 1013, Vernon's Annotated Texas Statutes, which he asserts renders the several ordinances void. We think it unnecessary, in view of Article 974d–5, a validating statute passed by the Legislature in 1955, to determine whether the City of Kermit has complied with such procedural requirements, it being our opinion that the validating statute cured such irregularities as those complained of by appellee. Morris & Cummings v. State ex rel. Gussett, 62 Tex. 728.

■ While the legislature may validate an ordinance passed by a municipal corporation which would otherwise be void, because of procedural defects in the manner of enactment, notice and public hearing, provided there is no constitutional objection to an act which would have embraced every power exercised in the ordinance; it does not follow that every such validating act is sufficient to cure substantive defects which render the application or subject of the ordinance ambiguous, vague or uncertain.

The ordinances in question are contained in the record and, while they need not be set forth in full, brief discussion of them is in order.

Ordinance No. 56 was passed August 23, 1943. This ordinance provided, among other things, for the designation of fire limits, the requirement of a building permit, and imposed a penalty for the violation of any of its provisions. The fire limits were designated by block number, only, without reference to any existing map or plat or other provision for determining what block, or blocks, were intended to be covered by the designated fire limits, there being numerous other blocks within the corporate limits of Kermit bearing the same numbers.

Ordinance No. 58 was passed May 16, 1944, to amend the existing ordinance designating fire zones to include additional blocks and parts of blocks within the designated fire limits. While the additional land is described with greater certainty, no attempt is made to correct the ambiguity that exists in the description of the land contained in the original designation of the fire limits set forth in Ordinance No.

56. The additional land to be included is referred to in the title of the ordinance as located on the "Original Addition to the City of Kermit", and, in the body of the ordinance, as located in the "Original Townsite of the City of Kermit. * * "

Ordinance No. 102 was passed June 26, 1951, for the purpose of establishing a building code, regulating construction, requiring a building permit, and providing a penalty for the violation of any of its provisions. Appellee attacks this ordinance on the grounds that it contains no building requirements, and that it must depend, for necessary details to enable compliance and secure enforcement, upon Ordinances Nos. 56, 58 and 108, being the only ordinances that attempt to regulate building and construction within the corporate limits of the City of Kermit; that these ordinances are void and unenforceable because they are indefinite and uncertain as to scope and subject matter, and thus may not be relied upon to furnish the regulatory details necessary for the validity of Ordinance No. 102.

Ordinance No. 108 was passed February 12, 1952. It is more comprehensive than the other ordinances dealing with the same subject matter, and expressly repeals all ordinances and parts of ordinances in conflict with it. This ordinance attempts to designate the fire limits of the City of Kermit, and divides them into primary and secondary fire zones. These limits are again described merely by block number without reference to the original townsite or to any particular subdivision or addition of the city, so as to distinguish such designated blocks from other blocks of the same number; it requires a building permit and specifies minimum building standards for each fire limit, and provides for a penalty for the violation of any of its provisions.

For the purposes of this opinion, we assume that the validating act of 1955, Article 974d–5, cured the procedural defects and irregularities, asserted by appellee, in the passage of these ordinances.

■ Zoning laws are in derogation of common-law rights to the use of property, and are subject to strict construction. Thomas v. Zoning Board of Adjustment of City of University Park, Tex.Civ.App., 241 S.W.2d 955.

■■ An ordinance must be clear, precise, definite and certain in its terms, and an ordinance vague to the extent that its precise meaning and application cannot be ascertained, is invalid, although otherwise it may be constitutional and valid. This is especially true where the ordinance is penal in character; it must show what it intends to require or prohibit and punish. The ordinance in question, while purporting to designate the fire limits within the City of Kermit with the degree of certainty required in this State to insure the validity of penal ordinances, wholly fails in the accomplishment of this purpose. The maps admitted in evidence show many identically numbered blocks—15 in the corporate limits of the city—and, while we assume that it is appellants' contention that the blocks referred to in the several ordinances are located in the original townsite, the ordinances themselves, whether construed together or individually, do not so reflect. The construction placed upon such zoning ordinances by city officials cannot alter its meaning, although it is not contended by any of the parties to this suit that all of the identically numbered blocks throughout the City of Kermit are intended to be included in the designated fire limits.

We hold that the ordinances are void only insofar as they purport to regulate construction within fire limits, the areas and boundaries of which cannot be determined with certainty.

■ A municipal ordinance may be void as to some of its provisions and not void as to others. Where the ordinance is severable, so that the invalid part may be eliminated and a valid ordinance left, the invalidity of a part will not invalidate the whole. El Paso Electric Co v. Collins, Tex.Com.App., 23 S.W.2d 295.

**224**

We deem it unnecessary to pass on the question as to whether the provisions of the several ordinances relating to the requirement that a permit be obtained before construction is begun, are void. This may be determined by the trial court on final hearing of this case. When there is an application for a temporary injunction, the right to be protected and the impairment thereof need not be established with absolute certainty. All that is required is proof of a probable right, and of danger to that right unless the injunction is granted.

Appellants' witness, Mr. James C. Hill, City Secretary, stated that appellee Spruill had never made direct application for a permit to erect the sign in question, but that he had told him in response to the statement by Spruill: "You will not sell me a building permit", "Larry, I cannot issue you a permit because you are in violation of the ordinance."

While courts of equity will not ordinarily enjoin the prosecution and enforcement of ordinances with penal provisions, even though such ordinances be void, relief may be granted when there is no plain, adequate and complete remedy at law, and vested property rights requiring protection against irreparable injury are involved.

When the right of lawful use and enjoyment of private property will be injuriously affected by the threatened enforcement of a void ordinance, such enforcement will be enjoined. City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 330, 28 S.W. 528; Stone v. Kendall, Tex. Civ.App., 268 S.W. 759.

We can find no abuse of discretion on the part of the trial court, which is the sole question to be determined in cases of appeals from interlocutory orders granting or refusing to grant a temporary injunction in cases such as this.

Appellants' Points One and Two have been fully considered, and we are of the opinion that same should be overruled.

Appellee has suggested, by his Counter Point 3, that, by virtue of the City of Kermit having adopted and passed a completely new and comprehensive ordinance since the initiation of this appeal, covering the same subject matter as the four ordinances discussed above, all questions raised by this appeal are now moot. We have considered this point and are of the opinion that it is without merit, and it is accordingly overruled.

The judgment of the trial court is affirmed.