**A. B. C. RENDERING, INC., Appellant,**

v.

**STATE of Texas et al., Appellees.**

No. 13506.

Court of Civil Appeals of Texas.

Houston.

Jan. 12, 1961.

Holman, Saccomanno & Clegg, Burke Holman, Houston, for appellant.

Joe Resweber, County Atty., Felix Salazar, Jr., Asst. County Atty., Houston, for appellees.

WERLEIN, Justice.

The State of Texas, acting by and through L. D. Farragut, alleged director of Harris County Health Unit, and Joe Resweber, County Attorney of Harris County, Texas, sued appellant, A. B. C. Rendering, Inc., to restrain it from conducting its business in such manner as to constitute a nuisance as defined in Article 4477–1, Sec. 1(g), and Secs. 2(b), 2(f), 2 (g), 2(i), 2(j) and 2(l), V.A.C.S. This appeal is from the order of the court overruling appellant's pleas in abatement and to the jurisdiction of the court, and granting a temporary injunction enjoining appellant from allowing the open exposure of feathers and animal viscera, bones and excreta, and from allowing drums containing grease and other putrified matter to remain uncovered, and from using vehicles in its operations which permit spillage and leakage of excreta and fat containing materials, and from permitting odors to emanate from appellant's premises that might be injurious to the public.

Appellant alleged in its sworn plea in abatement and now asserts that the court had no jurisdiction of this cause because the suit was brought by Farragut and Resweber in their representative capacities and they had no authority to represent the State of Texas in this proceeding.

Sec. 3 of Article 4477–1, V.A.C.S., specifies the procedure to be followed in connection with the institution of proceedings for the abatement of conditions constituting nuisances dangerous to the public health as defined in Sec. 2 of said Article. It reads as follows:

"Sec. 3. (a) Every person, possessing any place in or on which there is a nuisance shall, as soon as its presence comes to his knowledge, proceed at once and continue to abate the said nuisance.

"(b) Every local health officer who receives information and proof of the existence of a nuisance within his jurisdiction shall issue a written notice to any person responsible for the said nuisance ordering the abatement of same. He shall at the same time send a copy of the said notice to the local city, county, or district attorney. Such notice shall specify the nature of the nuisance and shall designate a reasonable time within which such abatement shall be accomplished. In the event such notice is not complied with within the specified time, the local prosecuting attorney who received the copy of the original notice shall be so advised by the local health officer, and he shall immediately institute proceedings for the abatement thereof."

It is appellant's contention that L. D. Farragut was not such "local health officer" as could initiate proceedings and give the required notice under Section 3 of Article 4477–1, ordering the abatement of a nuisance. Dr. Farragut's written "Application For, and Contract of, Employment" shows that the Commissioners' Court of Harris County, Texas, pursuant to power granted it under Title 71, Article 4418f, V.A.C.S., employed Dr. Farragut as Director of the Harris County Health Unit for the year 1959, with the title of "Director". Such Article provides:

"It shall be lawful for the State Department of Health to accept donations and contributions, to be expended in the interest of the public health and the enforcement of public health laws. The Commissioners' Court of any County shall have the authority to appropriate and expend money from the general revenues of its County for and in behalf of public health and sanitation within its County. Acts 1927, 40th Leg. 1st C.S. p. 131, ch. 42, § 10."

Article 4423, V.A.C.S., provides for the appointment of a county health officer, as follows:

"The commissioners court by a majority vote in each organized county shall biennially appoint a proper person for the office of county health officer for his county, who shall hold office for two years. Said county health officer shall take and subscribe to the official oath, and shall file a copy of such oath and a copy of his appointment with the Texas State Board of Health; and, until such copies are so filed, said officer shall not be deemed legally qualified. Compensation of said county health officer shall be fixed by the commissioners court; provided, that no compensation or salary shall be allowed except for services actually rendered."

Dr. Farragut was not appointed County Health Officer. He testified he was not the County Health Officer, and that he had not taken or filed with the Texas State Board of Health any official oath. There is nothing in the record showing that Dr. Farragut was or is a local health officer within the meaning of Article 4477–1, Sec. 3(b), or that he was clothed with any authority to give any notice for the abatement of nuisances specifying the time for such

abatement, or to send a copy of any such notice to the County Attorney as a prerequisite to the institution of proceedings for the abatement of nuisances.

No order of the Commissioners' Court setting up a County Health Unit in Harris County is contained in the record before us. If there is such an order, this Court cannot take judicial notice thereof. We have neither found nor been cited to any statute or other authority which requires or permits us to take judicial notice of a health unit established by order of a commissioners' court. In Employers' Casualty Co. v. Smith, 284 S.W. 991, the Dallas Court of Civil Appeals held that it could not take judicial notice of orders adopted by commissioners' courts. In Hall v. Butereg Co., 114 S.W.2d 403, the Amarillo Court of Civil Appeals held that it could not take judicial notice of the number or length of the terms of the County Court of Gray County but was confined to the record for information as to the same. The San Antonio Court of Civil Appeals refused to take judicial notice of an order of the Commissioners' Court fixing the term of a justice court. Poole v. Pierce-Fordyce Oil Ass'n, Tex.Civ.App., 209 S.W. 706. See also McCormick and Ray, Texas Law of Evidence, Sec. 186, p. 206.

Dr. Walter A. Quebedeaux testified that he was the Director of the Stream & Air Pollution Control Section of the Harris County Health Unit. He also testified his official title was Director of the Harris County Health Unit. The record fails to show that either Dr. Farragut or Dr. Quebedeaux gave any notice for the abatement of the alleged nuisance. No copy of any such notice was introduced in evidence. Appellees, in their sworn pleading, alleged that although "requested and directed by the Harris County Health Unit to abate the nuisance and acts complained of, the Defendant failed and refused and still fails and refuses to abate the nuisance and the acts complained of." Article 4477–1, however requires that the notice be given by the local health officer. It does not provide for the giving of notice by a health unit. As far as we can find in the record, the only notices to abate the nuisance were given by a Mr. Kemp, who testified he was employed as Assistant Engineer of the Harris County Health Unit, and by a Mr. Benavides who testified he was Field Biologist of the Unit. The record does not contain a copy of any such notice and fails to show any authority in either of said parties to give the same. It also fails to show that a copy of any such notice was sent to the County Attorney by anyone.

■ We are of the view that Dr. Farragut was not the local Health Officer within the meaning of Article 4477–1, Sec. 3, and that he had no authority to take the preliminary steps prerequisite to the institution and prosecution of this suit. He never took any oath as is required of the County Health Officer, and never filed any copy of his appointment with the Texas State Board of Health. He did not act as a de jure or de facto County Health Officer, or in any capacity other than Director of the so-called Harris County Health Unit under a one year employment contract.

■ Section 21 of Article V of the Constitution of the State of Texas, Vernon's Ann.St., authorizes the County Attorney to represent the State in all cases in the district and inferior courts in their counties. Article 331h, V.A.C.S., Acts 1953, 53rd Leg., p. 786, ch. 316, establishes the office of County Attorney of Harris County and provides that it shall be the primary duty of the County Attorney of Harris County to represent the State of Texas and Harris County and the officials of such County in all civil matters pending before the courts of the County, and that the County Attorney will represent the State of Texas in the County in such civil matters as criminal district attorneys, district attorneys and county attorneys were required to do. We do not think that the foregoing constitutional and statutory provisions making it the duty of the County Attorney to repre-

sent the State in civil proceedings in the district and inferior courts of the County, confers upon the County Attorney the power or duty to file and prosecute a suit for the State or in the name of the State unless authorized by some statute to do so. In Wexler v. State, 241 S.W. 231, 233, this Court, through Chief Justice Pleasants, stated:

> "The article of the Constitution above quoted which provides that the county attorney shall represent the state in all cases in the district and inferior courts of his county does not give him authority to institute a proceeding in the name of the state unless he is authorized or directed so to do by some statute. * * *

> "The distinction between the granting of authority to represent the state in all cases in the district and inferior courts, and the authority to institute important litigation in the name of the state, is, we think, clear, and such distinction has been recognized in the decisions of our appellate courts. Duncan v. State, 28 Tex.Civ.App. 447, 67 S.W. 903; Goar v. City of Rosenberg, 53 Tex.Civ.App. 218, 115 S.W. 653; Looscan v. County of Harris, 58 Tex. 511."

This proceeding was brought under Article 4477–1, V.A.C.S., to enjoin appellant from conducting its business in such manner as to constitute a nuisance as defined and provided in certain sections of said Article. The special authority which the County Attorney has in connection with the institution and prosecution of this suit for or in the name of the State of Texas is referable to and derived from Sec. 3 of said Article. The general rule is that where the cause of action and remedy for its enforcement are derived from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, and authorities cited. It is manifest that in the instant case appellees, upon whom was placed the burden of proof, wholly failed to show compliance with the terms and requirements of said Article. Therefore, the County Attorney and L. D. Farragut had no authority to institute this suit in behalf of the State of Texas or to make the State a party thereto.

We are of the opinion that the Trial Court erred in overruling appellant's pleas in abatement and in granting the temporary injunction. In view of our holding, it is not necessary for us to pass upon appellant's other Points of Error.

The judgment of the Trial Court is reversed and the temporary injunction dissolved, and the cause remanded for action not inconsistent herewith.

Reversed and remanded.

COLEMAN, J., not sitting.