

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 10, 1974

The Honorable Norman Manning
County Attorney
Williamson County
Georgetown, Texas 78626

Opinion No. H- 343

Re: Whether a district court
may designate the county
attorney as registry of the
court to receive child support
payments.

Dear Mr. Manning:

You have requested our opinion as to whether a district court may designate anyone other than the district clerk as registry of the court to receive child support payments and, if so, whether the county attorney may be so designated. You also ask whether a county attorney has any duty to act under the Uniform Reciprocal Enforcement of Support Act, § § 21.01 et seq., Family Code, V. T. C. S.

In a judicial district or county not having a domestic relations court, the district court generally exercises jurisdiction in cases of divorce and in other cases which may affect the parent-child relationship. Articles 1906, 1907, V. T. C. S., and see § 11.01, Family Code, V. T. C. S. Section 14.05 of the Family Code provides that in such cases the court may order either or both parents to make periodic payments or a lump-sum payment, or both, for the support of the child until he is 18 years of age "in the manner and to the persons specified by the court in the decree." This provision confers broad discretion upon the district court in determining to whom child support payments will be made, and under it the court may appoint someone other than the district clerk to receive such payments.

You ask whether the county attorney could be appointed in that capacity to receive child support payments. The Texas Constitution in

Art. 5, § 21 provides that where a county is included in a district in which there is a district attorney the respective duties of the district attorney and county attorney are to be regulated by the Legislature.   The courts have taken the position that by virtue of this provision the powers of a county attorney are strictly limited and that a county attorney has no authority to perform an act in respect to which no duty has been made to devolve upon him by the Legislature.   Duncan v. State, 67 S. W. 903 (Tex. Civ. App. 1902, no writ); see also A. B. C. Rendering, Inc. v. State, 342 S. W. 2d 345 (Tex. Civ. App., Houston, 1961, no writ) and Wexler v. State, 241 S. W. 231 (Tex. Civ. App., Galveston, 1922, no writ).

The primary duty assigned to county attorneys by the Legislature is to represent the state in all criminal proceedings under examination in courts in their respective counties below the grade of district court. Art. 2.02, V. T. C. C. P.   As a result the county attorney ordinarily is obligated to represent the state in a prosecution for the class A misdemeanor of criminal nonsupport.   See § 25.05, V. T. P. C.

But to our knowledge there is no statute or other law which gives the county attorney the duty to receive child support payments ordered by a court under § 14.05 of the Family Code.   Since the legislature has never given the county attorney the duty to receive such payments, it is our opinion that he is not authorized to do so and that a district court may not confer this responsibility upon him.

Your third and final question is whether a county attorney has any duty to act under the Uniform Reciprocal Enforcement of Support Act, § § 21.01 et seq., Family Code, V. T. C. S.   In Attorney General Opinion C-636 (1966) this office held that when there was also a district attorney in his county a county attorney had no duty to act as prosecuting attorney under the Uniform Reciprocal Enforcement of Support Act as then written. But in 1973 the 63rd Legislature enacted a new version of that Act which changed the definition of "prosecuting attorney" upon which that opinion was founded.   Under the current version of the Act "prosecuting attorney" is defined in § 21.03 (15) as "the criminal district attorney or county attorney, or the district attorney where there is no criminal district attorney or county attorney. "   Thus, when there is no criminal district attorney, as in

Williamson County, the county attorney now has the duty to act as "prosecuting attorney" in proceedings brought under the Uniform Reciprocal Enforcement of Support Act.  See Secs. 21.26 and 21.33, Family Code, V.T.C.S.

## SUMMARY

While §14.05 of the Family Code confers broad discretion upon the district court in determining to whom child support payments will be made, the court may not require the county attorney in that capacity to receive such payments.  In proceedings under the Uniform Reciprocal Enforcement of Support Act the county attorney of Williamson County has the duty to act as "prosecuting attorney."

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee